No. 23-20536

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

Caitlin Julia Weathers, Plaintiff- Appellant

v.

Houston Methodist Hospital; Sunila Ali, Defendants-Appellees

**On Appeal From**

the U.S. District Court for the Southern District of Texas, Houston Division

4:22-CV-04085

Hon. Christina Bryan, United States Magistrate Judge

**BRIEF OF APPELLANT CAITLIN WEATHERS**

SUBMITTED BY:

Caitlin Julia Weathers

2425 Capitol ST #2143

Houston, TX 77003

J.weathersca@gmail.com

(832) 314-6357

No. 23-20536

## _IN THE UNITED STATES COURT OF APPEALS_

## _FOR THE FIFTH CIRCUIT_

Caitlin Julia Weathers, Plaintiff- Appellant

v.

Houston Methodist Hospital; Sunila Ali, Defendants-Appellees

**<u>Certificate of Interested Persons and Counsel</u>**

Appellant certifies that the following listed persons and entities are as described in the fourth sentence of 5th Cir. Rule 28.2.1. and have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

1. ***Respondent,*** Honorable Judge Christina Bryan
2. ***Defendants/ Appellees,*** Houston Methodist Hospital; Sunila Ali
3. ***Counsel for Defendants/ Appellees,*** Scott Patton P.C., Patrick Palmer
4. ***Appellant,*** Caitlin Weathers

/S/ Caitlin Weathers

CAITLIN WEATHERS

***Plaintiff Pro Se/ Appellant***

Dated: February 25, 2024

## **Statement Regarding Oral Argument**

Plaintiff – Appellant Caitlin Weathers requests an oral argument. In this case, Weathers claims that Houston Methodist and Sunila Ali discriminated against her based on her race, sex, and in retaliation to her engagement in protected activity which included reports of fraud and civil assault.  This is in violation of her rights enumerated under the 14th amendment to include Title Vll and 1981, 1981a. The issue on appeal is not based on opinion of the merits in this case because merit went toward Weathers claims. The issue on appeal is from the district court's orders to prevent the plaintiff from seeking equitable relief in litigation. The district court granted Houston Methodist and Sunila Ali an award of summary judgment where there remains a genuine issue of material fact arising from statutory prerequisites to file a lawsuit. Resolution of this issue requires consideration to the existence of legal precedence and factual elements where, in particular, but not limited to, evidence the judge took notice of without allowing opportunity for parties to be heard. Oral argument will significantly aid the decisional process in resolving legal and factual issues raised in this appeal, which were not clearly explained by the district court to dispose the case with prejudice. Req. By 5th Cir. R. 28.2.3 & Fed. R. App. P. 34(a)(1)

# **Table of Contents**

In compliance with Fed. R. App. P. 28(a)(2)

Certificate of Interested
Persons.................................................................................................2

Statement Regarding Oral
Argument..............................................................................................3

Table of
Contents............................................................................................4-5

Table of
Authorities.......................................................................................6-7

Jurisdictional
Statement...............................................................................................8

Issues
Presented.........................................................................................8-11

Statement of the
Case...............................................................................................11-22

   I.   Employment Discrimination
       a. Disparate
          Treatment...............................................................12-14
       b. Harassment...............................................................14-16
       c. Retaliation................................................................16-18
  II.   Statement of the Facts.............................................18-20
 III.   Governing Standards................................................20-22

Summary of the
Argument.............................................................................................22

Argument........................................................................................22-35

   I.   Standard of
      Review..............................................................................22
       a. De Novo....................................................................22-26
       b. Clearly
          Erroneous................................................................24-26
       c. Abuse of
          Discretion................................................................26-29

II.  Exceptional Circumstances............................................................................33-35

Conclusion.....................................................................................................35

Certificate of Conference.................................................................................36-37

Certificate of Compliance...............................................................................37-38

Certificate of Service......................................................................................38-40

**Table of Authorities**

In Compliance with Fed. R. App. P. 28(a)(3)

**Cases**

*Allstate Ins.v Herron*, 634, F. 3d 1101 (9th Cir. 2011)

*Becker* v. *Montgomery*, 532 U.S. 757 (2001)

*Buck v Davis*, 580 U.S. 100, 123 (2017)

*Burlington N. & S.F. Ry. v. White*, 548 U.S. 53, 68 (2006)

*Burton v Department of the Interior*, EEOC Appeal No 0720050066 (March 6, 2007)

*CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951

*Conway v Chem. Leaman Tank Lines*, 687 F. 2d at 112

*Coons v Indus. Knife Co.*, 620 F. 3d 38, 41 (1st Circ. 2010)

*Dotson v Pfizer, Inc.*, 558 F.3d 284, 301-02 (4th Cir. 2009)

*Duran v Town of Cicer*, 653 F. 3d 632, 642-43 (7th Cir. 2011)

*Edelman* v. *Lynchburg College*, 535 U.S. 106, 115-19 (4th Cir. 2002)

*EEOC v Century Shree Corp. & Century Rama Inc.,* Case No. 11-cv-2558-REB-CBS

*EEOC v Champion Fiberglass, Inc.*, No 4:17-cv-02226 (S.D.Tx. Feb 28, 2020)

*EEOC v PBM Graphic Inc.*, No. 11-805 (M.D.N.C. proposed consent decree filed 12/10/12)

*EEOC v Spencer Reed Group*, No. 1:09-cv-2228 (N.D. Ga. Consent decree approved 6/8/10)

*EEOC v West Front Street Foods LLC, d/b/a/ Compare Foods,* No 5:08-cv-102 (W.D.N.C. settled May 19, 2009)

*Erwin B. v Dep't of Homeland Sec., EEOC Appeal No.* 0120151276 (May 15, 2017)

*Giles v Saint Lukes Northland-Smithville*, 908 F. 3d 365, 368 (8th Cir. 2018)

*Gomez v. USAA Fed. Sav. Bank No., 171 F. 3d 794* (2nd Cir. 1999)

*Grayson v. Mayview State Hosp. No. 99-3980* (3rd Cir. 2002)

*Houston v Dep't of Agrigulture, No. 20-20591* (5th Cir. 2021)

*Johnson v. Railway Exp. Agency, Inc.,* 421 U.S. 454, 95 S. Ct.

*John Tate v SCR Medical Transportation Inc.* In *Tate v SCR Medical Transportation Inc*.

*Kaufman v Kijakazi*, 32 F. 4th 843, 850-51 (9th Cir. 2022)

*Lemoge v United States*, 587 F. 3d 1188, 1195-96, (9th Cir. 2009)

*Liljeburg v Health Services Acquisition Corp*., 486 U.S. 847, 863-64 (1988)

*Mace v Replubic Health Corporation of Rockwell County*, No. 3:2021cv01709 (N.D. Tex. 2022)

*N.Y. Life Ins. Co. V Brown*, 84 F. 3d 137, 142-43 (5th Cir. 1996)

*Rollins v Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2001)

*Santa Maria v Metro-N. Commuter R.R*, 81 F3d 265, 273 (2nd Cir. 1996)

*Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 617-18 (E.D. Pa. 1999)

*Smith v. Bray*, 681 F.3d 888, 896, 115 Fair Empl. Prac. Cas. (BNA) 81, 95 Empl. Prac. Dec. (CCH) P 44510, 88 Fed. R. Evid. Serv. 631 (7th Cir. 2012)

*Triantos v Guatta & Benson, LLC* 52 F. 4th 440, 445 (1st Cir. 2022)

*Thompson v Bell* 580 F. 3d 423, 442 (6th Cir. 2009)

*United States Aid Funds, Inc v Espinosa*, 559 U.S. 260, 269-70 (2010)

*Walker v. Abbott Laboratories,* 340 F. 3d 471, 474, 92 Fair Empl. Prac. Cas.

*Watkins v. Tegre*, 997 F3d275 (5th Cir. 2021)

*Yanowitz*, 36 Cal. 4th 1054

*Zinkand v Brown*, 478 F. 3d 634, 637 (4th Cir. 2007)

## **Jurisdictional Statement**

In compliance with Fed. R. App. P. 28(a)(4)(A)through(D); The 5th Circuit Court of Appeals has jurisdiction over this appeal pursuant to Tex. R. Civ. P 26.1 because this is an appeal of an order made by the District Court for the Southern District of Texas that denied Caitlin Weathers civil rights, enumerated under the 14th amendment, to be free from retaliation, race, and sex discrimination, and acts of fraud and civil assault.[1] Caitlin Weathers timely filed her complaint of retaliation, sex, and race discrimination in the district court on 11/09/2022, exactly 90 days, after receiving her notice of right to sue letter from the EEOC and TWC, and within the 4-year statute of limitations under sections 1981, 1981a.[2]  This U.S. Court of Appeals has jurisdiction over the lawsuit because U.S. Codes: 42 Section 1981-2000h; 41 Section 6503; 18 U.S.C. Section 111, Section 242, 249, 250, 1001 are federal statutes.

## **Issues Presented**

This timely appeal raises questions regarding the application of Title VII's statute of limitations on final judgment orders, to altogether terminate litigation against claims of sex, retaliation, and race discrimination where there's no application in the orders for the merit that was granted in favor of the Plaintiff and went toward the substance of her claims; In compliance with Fed. R. App. P. 28(a)(5).

1. The District Court did not provide a fair trial to Caitlin Weathers

   A. Were Mag. Judge Christina Bryan's conclusions sufficient to prejudice the district court's final judgment orders to abruptly terminate litigation, altogether?

   B. Did the district court view facts in isolation as opposed to looking at the whole picture as they should be seen in totality of the circumstances?

2. The District Court's findings of fact are insufficient to support the court's decision to prejudice final judgment orders against the great weight of evidence that support the merits of Caitlin Weathers suit

   A. Was it clearly established and accepted as true that Weathers was liable for the mishandling of her claim, enough to prejudice ruling, or was there a

plausible risk of misunderstanding present? Is there more than a mere

possibility that the EEOC could have failed to prevent the delay?

B. Did the district court allege facts sufficient to establish there were truly no

issues of material fact?

C. Did the district court give Caitlin Weathers an opportunity to be heard on all

evidence in the court's possession, where the court took judicial notice?

3. <u>Laws were applied incorrectly for claims of sex, retaliation, and race</u>

<u>discrimination and here there a manifest error of law</u>

A. Did the court consider documents incorporated into the complaint by

reference, in a light most favorable to the non-moving party?

B. Where there's a high degree of suspicion found in evidence in favor of the

plaintiff's claims, did the district courts act contrary to legal precedence?

4. <u>The District Court erred by excluding genuine issues of material fact</u>

A. Judge's conclusions are insufficient to prejudice the district courts final

judgment orders

B. Did the district court establish beyond debate a controlling authority?

C. Did the district court present sufficient facts to conclude that Weathers

should be barred from litigation with prejudice?

5. <u>The District Court erred by creating an unfair surprise to Caitlin Weathers</u>

   A. Did the district court present sufficient facts to conclude that Weathers should be barred from litigation with prejudice?

   B. Were the district court's conclusions sufficient to prejudice the district court's final judgment orders to abruptly terminate litigation, altogether?

6. <u>Legal precedence in the judge's final opinion and orders are insufficient to support a discretionary ruling, and opinion is contrary to Due Process of Law</u>

   A. Did the judge establish a sufficient factual basis to support her assumptions?

   B. Did the district court have an erroneous understanding of material facts?

   C. Did the district court present sufficient facts to conclude that Weathers should be barred from litigation with prejudice?

## **Statement of the Case**

### **A. Employment Discrimination**

In compliance with Fed. R. App. P. 28(a)(6); Caitlin Weathers brought a retaliation, sex, and race discrimination case against Houston Methodist Hospital having suffered tangible harm by Houston Methodist Hospital's discriminatory employment actions. This is an employment discrimination case based on retaliation and race discrimination, with acts of fraud, and breach of contract under U.S. Codes: 42 Section 1981, 1981a-2000h; 41 Section 6503; 18 U.S.C. Section 111, Section 242, 249, 250, and 1001. The respondent to this appeal is Mag. Judge Christina Bryan for the Southern District of Texas, Houston Division. On 10/10/2023 Mag. Judge Christina Bryan entered a final judgment in favor of Defendant-Appellee.

Disparate Treatment

In this case, Caitlin Weathers the Appellant claims Houston Methodist Hospital discriminated against her based on her race, sex, and color in retaliation to complaints of discrimination and harassment. Race was a determining factor in the ultimate employment action to terminate Caitlin Weathers as she was the only Non-Hispanic, White, Caucasian employee in her job roles during her employment at Houston Methodist Hospital between 05/28/2019-10/04/2021. *EEOC v Champion*

*Fiberglass, Inc.*, No. 4:17-cv-02226 (S.D.Tx. Feb 28, 2020) When Weathers was terminated, she was replaced by another employee outside her protected membership. HMH acted with intent to discriminate when disciplining her in immediate and direct proximity to Caitlin Weathers having engaged in protected activity, and for filing complaints of illegal activity, harassment, and discrimination. Evidence of intentional discrimination is found in pretext to Caitlin Weathers termination. Houston Methodist Hospital did not provide a valid non-discriminatory reason for disciplinary action that is without proximate cause reflecting a relation to Caitlin Weathers reports of illegal activity, harassment, and discrimination; Had Caitlin Weathers not filed complaints against the hospital and her co-workers for their discriminatory acts, then adverse employment actions against her would in all probabilities not have occurred and are just cover up for discrimination. Again, if it were not for the determining factor of Caitlin Weathers race outside the majority, then adverse employment actions would not have occurred, and Weathers would not have lost her rights. The fifth circuit has found that close timing between protected activity and retaliation is sufficient to support pretextual discrimination. *Watkins v. Tegre*, 997 F3d275 (5th Cir. 2021) Moreover, defendants had a duty to Plaintiff Caitlin Weathers, and they breached that duty having made a fraudulent misrepresentation that there would be as stated "unit specific requirements".

    a) Plaintiff was terminated on 10/04/2021

b) Race was a *motivating* factor

    i) Plaintiff had filed complaints of racial discrimination/ harassment preceding negative employment actions.

    ii) Where no unit specific requirements existed (such as would be found in a handbook) to legitimately reflect reasonable cause for termination & Plaintiff was the only employee disciplined. *Erwin B. v Dep't of Homeland Sec., EEOC Appeal No.* 0120151276 (May 15, 2017)

    iii) Terminated then employer hired a non-white employee in replacement. *EEOC v West Front Street Foods LLC, d/b/a/ Compare Foods,* No 5:08-cv-102 (W.D.N.C. settled May 19, 2009)

    iv) Evidence exists that suggests a causal nexus between harm suffered and Plaintiffs membership in a protected class, proving discriminatory intent.

        (1) Failure to subject the abusers to the same disciplinary actions and scrutiny as the victim

c) There was pretext: issuance of a Performance Improvement Plan on Weathers and not Agway, history of communication record after Weathers engaged in protected activity by reporting illegal activity; proving HMH's intentional infliction of emotional duress under

fraudulent pretenses at time of termination, factoring in pretext to ultimate employment action and disparate treatment.

d) But for Causation- if it had not been for CW complaints then adverse employment actions wouldn't have happened

## Harassment – Hostile work environment – Tangible employment action

Caitlin Weathers was subjected to harassment by co-workers Sharon Agawy, Cameron Shonk, Cassie Hull, Amanda Ronning, as well as others, to include her supervisor Sunila Ali, and this harassment was motivated by Caitlin Weathers race. Houston Methodist Hospital is liable for racial harassment. Caitlin Weathers was subjected to frequent ongoing harassment and discrimination that gave rise to the charges in the Charges of Discrimination and a Notice of Right to Sue. Conduct was unwelcome by Caitlin Weathers as she made evidence of. Conduct was motivated by the fact that Caitlin Weathers was the only member of her protected status in her job roles. *EEOC v PBM Graphic Inc.*, No. 11-805 (M.D.N.C. proposed consent decree filed 12/10/12) The pervasiveness of the defendants' conduct was so severe that other members of Caitlin Weathers protected status would find it abusive. Caitlin Weathers was subjected to frequent ongoing racial epithets, bullying of a sexual nature, and to an occurrence of civil assault without resolve to removal the named party Sharon Agawy. Caitlin Weathers believed and continues to believe the conduct to be abusive and reported this to Sunila Ali who

subjected her to further scrutiny by her co-workers under fraudulent pretenses, making the abuse worse and allowing it to continue. Caitlin Weathers suffered adverse tangible employment action in the form of discriminatory disciplinary actions leading to termination because of the hostile work environment. This adverse tangible employment action made a significant change in Caitlin Weathers employment and benefit status. The effect of this working environment and its result caused injuries and damage which includes to the mental and emotional well-being of the Plaintiff.  *Burton v Department of the Interior*, EEOC Appeal No 0720050066 (March 6, 2007).

Retaliation

Plaintiff – Appellant Caitlin Weathers affirms that Defendant Houston Methodist Hospital discriminated against her based on her protected status as a non-Hispanic, white, Caucasian female with attributes such as light-colored hair, light-colored skin, and light-colored eyes and a traditionally non-Hispanic white last name. Caitlin Weathers was subjected to materially adverse actions: communication record, PIP plan, and termination after believing in good faith that her rights to be free from discrimination were violated. *Burlington N. & S.F. Ry. v. White*, 548 U.S. 53, 68 (2006) Additionally, causal connection to challenged activity in proximity to the protected activity exists where defendants wrongful conduct includes but is not limited to: should have disciplined Sharon Agawy for

civil assault but failed to do so, failed to separate or protect Caitlin from future

occurrences of discriminatory actions by Sharon Agawy after filing reports,

increased scrutiny on Plaintiff and not others, had made work more difficult on

Plaintiff such as assigning menial tasks to the majority and more complex tasks to

Weathers, *EEOC v Century Shree Corp. & Century Rama Inc.,* Case No. 11-cv-

2558-REB-CBS (D. Colo. Oct. 2, 2012) spreading rumors about Plaintiff,

reprimanding Caitlin Weathers with negative employment evaluation that were

lower than should have been and not subjecting others to the same judgment or

formalities, transferred Caitlin to less desirable alternative job roles during

COVID-19 where other units were more highly exposed to the virus and not

others, intentional infliction of emotional duress under fraudulent pretenses, when

meeting to discuss the harassment and racial epithets regarding repetitive name

calling (I.e. "white trash) defendant prodded in asking more about how it was said.

When the plaintiff said that they were saying it as if they were diagnosing it with

certainty. The defendant replied "it is" further confirming racial hatred for

Plaintiff's characteristics. *Schouten v. CSX Transp., Inc.*, 58 F. Supp. 2d 614, 617-

18 (E.D. Pa. 1999), *EEOC v Spencer Reed Group*, No. 1:09-cv-2228 (N.D. Ga.

Consent decree approved 6/8/10) Adverse employment action is not limited to only

the ultimate employment actions that Plaintiff faced but, "the entire spectrum of

employment actions that are reasonably likely to adversely and materially affect an

employee's job performance, or opportunity for advancement in chosen career"

*Yanowitz*, 36 Cal. 4th 1054 Adverse employment action materially affects the terms, conditions, or privileges of employment.

## B. Statement of the Facts

On 05/28/2019 Caitlin Weathers was hired to work at Houston Methodist as a Patient Transporter and was a high performing employee.[1] 10/09/2020 Caitlin Weathers received a Letter of Recommendation from Shakindra Gonzales the manager of the Patient Transportation Department at Houston Methodist Hospital and on or before the same date 10/09/2022 the Assistant Manager Elizabeth Seay issued a communication record to Caitlin Weathers after Weathers engaged in protected activity by reporting illegal activity (drug use). On 4/29/2021 Caitlin attended an onsite hiring event where she met Sunila Ali for the first time and was hired to begin working in the new capacity of a Patient Care Assistant on the Neuro ICU. On May 3, 2021, Weathers was sent an offer from Houston Methodist' employee Michele Jacobs with start date of 6/6/2021.[2] On 6/7/2021 Weathers completed Houston Methodist's PCA Training and immediately began working on the Neuro ICU.[3] Then approximately a month later, on 7/17/2021-8/11/2021 Sunila Ali left for vacation.[4] On 8/1/2021 Caitlin Weathers texted Sunila Ali about harassment with no response.[5] On 8/15/2021 Caitlin Weathers emailed Mariana

---

[1] ROA. 173-187
[2] ROA. 191-192
[3] ROA. 129
[4] ROA. 129, 242, 257, 279
[5] ROA. 273-276

Mondragon in HR about the same concerns.[6] On 8/17/2021 Caitlin Weathers texted

Sunila Ali again about the harassment with a response to meet in-person to discuss

the matter with Mariana Mondragon. On 8/23/2021 Caitlin Weathers met with

Sunila Ali and Mariana Mondragon about the issue for the first time at which time

Caitlin was placed on a Performance Improvement Plan due to the nature of that

meeting, without reference to a legitimate basis as would be found in a handbook

for unit specific requirements. On 9/30/2021 Caitlin Weathers reported Sharon

Agawy in writing for the second time regarding ongoing issues of harassment to

Sunila Ali and Nancy Cerna. On 10/4/2021 Caitlin Weathers was terminated by

supervisor Sunila Ali. On 02/11/2022 Weathers submitted a signed questionnaire

to the EEOC with complaints of discrimination by Houston Methodist Hospital, no

available dates for an interview were open for scheduling at that time. Once dates

began to open for availability Weathers scheduled an interview on 05/16/2022

prior to the approximate deadline on August 1, 2022 (July 31, 2022 falling on a

Sunday). The EEOC cancelled the appointment without Weathers consent, forcing

Weathers to reschedule for the next earliest available date on 08/09/2022. On

07/07/2022 Weathers case was assigned to Roy Wilkerson who mistakenly closed

the case on the same day, on this same date, he also sent Weathers an email about

the deadline.[7] 2 days later, on 07/09/2022 Weathers responded ready to take further

---

[6] ROA. 131-132
[7] ROA. 123-127

action and formalize.[8] On 08/01/2022 Weather's case #460-2022-02396 with the EEOC was reassigned from primary assignee Roy Wilkerson to new designation Rafael Rivera and case status changed from closed to submitted. On 8/3/2022 Caitlin Weathers was issued the dually filed Charge of Discrimination and Notice of Right to Sue Letter from the EEOC. On 11/09/2022 Weathers made a sworn complaint of race, sex and retaliation in the U.S. District Court for the Southern District of Texas, Houston Division. On 05/01/2023 a Status Conference was held before Mag. Judge Christina Bryan. On 10/06/2023 a continuance agreement was made between both Plaintiff and Defendants where Houston Methodist had not yet provided a designee for depositions during discovery. On 10/10/2023 Mag. Judge Christina Bryan granted the continuance agreement and then ordered it as moot upon ordering final judgment orders granting summary judgment in favor of the defendants.

### C. Governing Standards

The Civil Rights Act of 1964 (Title VII) and 1981,1981 are federal statutes enumerated under U.S. Code Title 42 under chapter 21 regarding civil rights. Neither of these statutes require a charge of discrimination to take any specific form or be on any specific document such as the Charge of Discrimination, otherwise called Form 5. Title VII states only that, "Charge shall be in writing

---

[8] ROA. 123-135

under oath or affirmation and shall contain such information and be in such form
as the commission requires."42 U.S.C. 2000e-5(b).

In 42 U.S.C. 2000e-12(a) The EEOC is authorized to "issue suitable
procedural regulations to carry out the provisions of the subchapter." Their
regulations governing content and amendment of charges is 29 C.F.R. 1601.12(a)
which sets out what a charge should contain. Immediately following that is 29
C.F.R. 1601.12(b) which states,

"Notwithstanding the provisions of paragraph (a) of this section, a charge is
sufficient when the Commission (EEOC) receives from the person making the
charge a written statement sufficiently precise to identify the parties, and to
describe generally the action or practices complained of." Additionally, section
1601.12(b) also provides amendment for charges in that it says, "charges may be
amended to cure technical defects or omissions, including failure to verify a
charge, or to clarify or amplify allegations made therein. Amendments alleging
additional acts which constitute unlawful employment practices relate to or
growing out of subject matter of the original charge will relate back to the date the
charge was first received. A charge that has been so amended shall not be required
to be redeferred."

Weathers experience with the EEOC's practices in filing her initial charges
in the form of the intake questionnaire meet these requirements in answers to it's
request for information about the charging party, the employer, what happened, the
alleged basis of discrimination, boxes checked to tell the EEOC what steps they
may take, and e-signature. These requirements meet the requirements for her
charges to be considered as timely filed and can be found in the court's copy of the
EEOC's 'Best Available Copy' that were omitted from the ROA.

## Summary of the Argument

In compliance with Fed. R. App. P. 28(a)(7); Weathers states that claims have meritorious defenses to the judge's decision and Weathers will be prejudiced if relief from the judgment is not granted. *Giles v Saint Lukes Northland-Smithville*, 908 F. 3d 365, 368 (8ᵗʰ Cir. 2018); *Lemoge v United States*, 587 F. 3d 1188, 1195-96, (9ᵗʰ Cir. 2009) A party may seek relief from the judgment on a showing of mistake, inadvertence, or surprise. *Fed. R. Civ. P.* 60(b)(1); *Triantos v Guatta & Benson, LLC* 52 F. 4ᵗʰ 440, 445 (1st Cir. 2022). Weathers seeks relief from this judgment because of the following arguments.

## Argument

In compliance with Fed. R. App. P. 28(a)(8);

Standard of Review

**a. De Novo**
   1. Was Caitlin Weathers granted a fair trial?
   2. Was the law applied correctly for race, sex, retaliation claims under laws enumerated in the 14ᵗʰ amendment, or is there a manifest error of law?

In this case, there was a mistake because Mag. Judge Christina Bryan failed by dismissing the whole action of the lawsuit instead of just the complaint or piece of evidence, allowing Weathers an opportunity to amend. Here, there is legal precedence that exists which allows for consideration of Title VII charges to be considered timely filed by virtue of the relation of the complaint, although verified outside the filing period. *EEOC v Vantage Energy Services, Inc.*, No 19-20541 (5ᵗʰ Cir. 2020) In *Vantage Energy,* the EEOC's month's-long requests to verify the

clients charge were inexcusable and it was recognized that counsel should never ignore applicable Americans their rights. The court explained that when the charge is filed is not as important as when the EEOC received the information. Further precedence in *Becker v. Montgomery, 532 U.S. 757, 765* hold the same position that signature requirement did not require dismissal of a timely filed, but unsigned notice. Reason held in that nothing plain in reading "charge" requires an oath. Title VII nowhere defines "charge". Section 706(b) requires a charge to be verified without saying when. The substance of Weathers claims toward the merit of her charges were made into the EEOC on 02/11/2023.[9] Mag. Judge Bryan's summary judgment analysis agrees majority of the evidence goes toward the merits of Weathers claims.[10] But, because of Mag. Judge Bryan's Notice of Right to Sue *signature* requirement the judge biased ruling in light most favorable to the moving party, where defendants, the moving party, were with more than mere possibility, liable for the discriminatory acts.[11] Mag. Judge Bryan granted summary judgment allowing an injustice where the defendants never faced any similar adverse actions with consideration toward timeliness. Defendants filed a motion to dismiss without giving an answer as to how they plead on 12/29/2021, 1 day late, when answer was due on 12/28/2022.[12] Here, the application of laws regarding timeliness is

---

[9] ROA. 124, 230, 286
[10] ROA. 339
[11] ROA. 342-343
[12] ROA. 2, 75

questionable as the determining legal basis for final judgement orders to terminate litigation with prejudice.

Additionally, dismissing Caitlin Weathers complaint as it was filed with the EEOC under Title VII did not require termination of litigation, altogether. During the Status Conference on 05/01/2023 Weathers attempted to advocate for herself under 1981, 1981a statute of limitations but it was considered inaudible to the judge and therefore went ignored.[13] The current judgment against Weathers claims for justice and equity force action to either appeal, move to reopen and amend, and/or pursue opening an entirely new lawsuit pursuant to Fed. R. Civ. P. 59 or Rule 60. Because Mag. Judge Christina Bryan prejudiced the dismissal, she fails to follow legal precedence, depriving Weathers of legal right to seek judicial remedy under Chapter 21 statutes 1981, 1981a-2000h enumerated under the 14th amendment. *John Tate v SCR Medical Transportation Inc.* In *Tate v SCR Medical Transportation Inc.*, the district court erred by dismissing the action without giving Tate an opportunity to amend his complaint.

"[P]rior to dismissing a pro se complaint under § 1915(e), a District Court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 106 (3d Cir. 2002).”); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*) (even though district court allowed the *in forma pauperis* prisoner plaintiff to amend his complaint once, it abused its discretion by denying leave to amend a second time, violating the circuit's rule that "a district court should grant leave to amend *even if no request to amend the pleading was*

---

[13] ROA. 358-361

*made*, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (emphasis added); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) ("'[A] *pro se* complaint is to be read liberally."

No other facts, or regard to merit, were given consideration in dismissing Weathers lawsuit with prejudice.[14] As a matter of law, the matters regarding the merits of Weathers claim should be given consideration as 1981, and 1981a have overlapping and independent coverage with Title VII. *Johnson v. Railway Exp. Agency, Inc.,* 421 U.S. 454, 95 S. Ct. Title VII filing does not toll 1981 statute of limitations. "To say that failure to pursue one of these avenues results in a waiver of the other, entirely separate avenue, is simply incorrect." *Walker v. Abbott Laboratories,* 340 F. 3d 471, 474, 92 Fair Empl. Prac. Cas. Additionally, it has been found that the 'overlap' is congressional design. *CBOCS West, Inc. v. Humphries*, 128 S. Ct. 1951 Moreover, the "substantiative standards and methods of proof that apply to claims of racial discrimination and retaliation under Title VII also apply to 1981". *Smith v. Bray*, 681 F.3d 888, 896, 115 Fair Empl. Prac. Cas. (BNA) 81, 95 Empl. Prac. Dec. (CCH) P 44510, 88 Fed. R. Evid. Serv. 631 (7th Cir. 2012) For these reasons the court should either allow for a new trial and/or reverse and remand because Mag. Bryan did not give Caitlin Weathers a fair trial. *Santa Maria v. Metro-N Commuter* RR, 81 F.3d 265, 273 (2nd Cir. 1996) In, *Santa Maria* the U.S. Court of Appeals for the 2nd Circuit said that Plaintiff's case was

---

[14] ROA. 339-340

sufficient to grant a new trial, where the trial courts judge had shown antipathy;

engaged in sarcastic cross-examination; held Plaintiff's counsel in contempt for

failing to sit down quickly; and denied Plaintiff's motions.

The merits of Weathers' claims need to be given consideration as a matter of

law, and in the interest of justice, granted a fair trial. In all fairness, summary

judgment should have been granted in favor of the plaintiff. Like *Santa Maria,*

Weathers was shown antipathy and, like so, has been ignored and denied in ways

that in law are not considered reasonable. If there is an issue with the forms that

were provided to Weathers by the court to pursue her suit, leave should be granted

to allow for amendment to seek both avenues.

**b.** *Clearly Err*
   1. Did the District Court err in excluding factual elements of evidence
      presented when majority of which go to the merit of Weathers claims? Or
      is there a lack of jurisdiction?
   2. Was there enough evidence to support the judge's decision against the
      great weight of evidence that supports the merits of Caitlin Weathers
      suit?

The Supreme Court defines this standard as, "A finding is 'clearly

erroneous' when although there is evidence to support it, the reviewing court on

the entire evidence is left with the definite and firm conviction that a mistake has

been committed." *United States v United States Gypsum Co*., 333 U.S. 364, 395

(1948) In this case, Mag. Bryan's analysis is erroneous because she makes

conclusory assumptions which ignore both substance and fact regarding the

circumstances in which she based her decision, abruptly terminating litigation.[15]

Resting decision and orders upon analysis that "A Plaintiff Exhausts administrative remedies by filing a charge with the EEOC within 300 calendar days of the alleged discriminatory act *and* receiving a right to sue letter."[16]  However, Plaintiff does not need to be issued a Notice of Right to Sue Letter for a charge to be considered as filed. An EEOC regulation permits an otherwise timely filer to verify a charge after the time for filing has expired. *Edelman v. Lynchburg College*, 535 U.S. 106 Mag. Bryan had recognized that majority of the evidence went to the merits of Weathers claims but because of error, Mag. Bryan terminated litigation altogether, without allowing an opportunity to amend, where laws were still available to Weathers to continue to seek judicial remedy under Chapter 21 statutes 1981, 1981a-2000h enumerated under the 14th amendment. Contradictory to the court's analysis, the judge did not consider facts in favor of the non-moving party in this case.[17] The EEOC allows plaintiffs to file a written charge that does not conform to the requirements and later cure those defects, including failure to verify the charge under oath or affirmation. *Edelman v. Lynchburg College*, 535 U.S. 106 It seems unfair and erroneous for Weathers to be barred from litigation altogether because Mag. Judge Bryan fails to recognize, accept, or regard as true material facts

---

[15] ROA. 340

[16] ROA. 340

[17] ROA. 341-345

regarding timeline of the EEOC investigation.[18] By deliberate or inadvertent

mistake Mag. Bryan omitted reference to evidence of the timeline that was sent in

correlation to the conversation held in email correspondence with EEOC

investigator Rafael Ramierz.[19]   On 02/11/2022 Weathers filed her complaint with

substance of claims into the EEOC, 08/01/2022 Weathers formalized the complaint

in an interview with EEOC investigator Rafael Rivera, 08/03/2022 Weathers

received, signed, and returned documents. It is not Weathers mistake that the forms

were not made ready to be signed before the 08/01/2022 date. When a plaintiff

cures a defect, the cure will relate back to the date the charge was *first* received. 29

C.F.R 1601. 12(b) The charge was first received on 02/11/2022 wherein Weathers'

complaints of Adverse Actions to the EEOC state,

> "I was discriminated based on my race, color, and genetic information at
> Houston Methodist Hospital that resulted in termination of employment on
> 10/04/2021. I was the only Caucasian in my job role during the time I was
> employed at HMH. In my last role as a PCA I was called white trash, gossiped
> about regarding my physical characteristics, slandered regarding my abilities, and
> then management used my co-worker's slander as credible means of judging my
> performance. I was terminated because of this claim that I was not performing to
> their standards."

A charge is "sufficient" if it meets the requirements of 1626.6-*i.e.*, if it is "in

writing and... names the prospective respondent and... generally alleges the

discriminatory acts." *Federal Express Corp.* v. *Holowecki*, 552 U.S. 389 (2008) In

---

[18] ROA. 341-345
[19] ROA. 123-134, 341-342

the interest of justice Weathers should not be ignored in this case and the

Defendants-Appellees held liable for their actions. It is not fair to disregard the

substance of these claims with an erroneous interpretation of material fact. Facts

must not be viewed in isolation but seen as factors in the totality of the

circumstances, which force the court to look at the whole picture.

    ***c.*** *Abuse of Discretion*
1. Is there enough legal precedence in the judge's final opinion and orders to support terminating litigation altogether, without consideration to statutes and legal precedence which state otherwise? Or does this violate due process of law?
2. Did the district court err by creating an unfair surprise to Caitlin Weathers?

    Weathers may also seek relief from the judgment if the judgment is void.

*Fed. R. Civ. P.* 60(b)(4); *United States Aid Funds, Inc v Espinosa*, 559 U.S. 260,

269-70 (2010). The judgment in this case is void because the court acted

inconsistently with the due process of law. *N.Y. Life Ins. Co. V Brown*, 84 F. 3d

137, 142-43 (5th Cir. 1996) Mag. Judge Christina Bryan did not apply all rules and

legal principles pertaining to the case so that all legal rights afforded to the victim

were respected. Plaintiff's rights and due process of law have been violated given

the judges abuse of discretion showing disregard to applicable legal precedence

and laws, having failed to consider the facts of law that sex, retaliation and race

discrimination claims do not require an otherwise submitted but unsigned Notice of

Right to Sue letter to exhaust administrative remedies under Title VII or section

1981, which has a 4-year federal statute of limitations. *Vantage Energy* (5th Cir.

2020), *Becker v. Montgomery, 532 U.S. 757, 765, Edelman v. Lynchburg College*, 535 U.S. 106, *Holowecki*, 552 U.S. 389 (2008)  Here, there is a substantial risk of undermining the public's confidence in the judicial process due to the judge's failure to consider various options available or relevant factors, and as a matter of law, should be issued to a higher court for a new determination. *Buck v Davis*, 580 U.S. 100, 123 (2017) Although there are no specific grounds listed in Fed. R. Civ. P. 59(e) for a motion to alter or amend the judgment, courts generally recognize clear and manifest injustice as appropriate grounds. *Zinkand v Brown*, 478 F. 3d 634, 637 (4th Cir. 2007); *Rollins v Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2001). It is clear and manifest injustice to prejudice the victim from seeking equitable relief for race, sex and retaliation discrimination, which includes acts of fraud and civil assault, without consideration to the fact that all administrative duties afforded the victim in the U.S. Constitution have not yet been exhausted.

Mag. Judge Bryan made a discretionary ruling barring Weathers from seeking equitable relief where she held in her possession a 'Best Available Copy' from the EEOC with evidence that rebuts her determination.[20]

"The Court is in possession of certain documents Plaintiff apparently submitted in a courtesy copy of ECF 41 but did not docket on the record. These documents, which are not necessary to the Court's decision, show that the EEOC created an inquiry on February 11, 2022 and promptly scheduled an interview for May 16, 2022, which was cancelled on May 12, 2002. The documents also show that EEOC reached out to Plaintiff on July 7, 2022 to inform her of the pending

---

[20] ROA 344

August 1, 2022 deadline and made at least one other attempt to contact Plaintiff prior to Rivera's August 1, 2022 email cited above. In sum, the undocketed records do not support a finding that Plaintiff diligently pursued filing a formal Charge of Discrimination following her February 11, 2022 online inquiry as required to warrant equitable tolling of the statute of limitations."

Mag. Judge Bryan took judicial notice of the information therein and from this is mistaken to infer either by deliberation or inadvertence that "Plaintiff's circumstances don't rise to the level of those previously recognized as justifiable."[21] Without the opportunity to amend to have facts from this artifact made clear on the subject, with opportunity for Weathers to be heard, Mag. Bryan's commentary is inefficient to prejudice her judgment, barring litigation. Her comparison between two cases of equitable tolling doesn't clear up this inefficiency.[22]

"For example, in *Mace* v. *Repulic Health Corp of Rockwell Cnty*., No 3:21-CV-017009-M, 2022 WL 2918107, at *3 (N.D. Tex. July 25, 2022) the district court found equitable tolling appropriate where the EEOC actively misled Plaintiff into believing that she could not preserve her claim by filing a timely charge on her own and had to await an EEOC interview before filing. There is no evidence or allegation in the case that the EEOC misled Plaintiff about her rights and obligations. Plaintiff's circumstances are more similar to the *Houston* v. *Texas Dpt. Of Agric*., No. CV H-18-4431, 2019 WL 11670785, a *3 (S.D. Tex. June 5, 2019) in which the district court rejected plaintiff's argument that equitable tolling was justified "because she was waiting for a call-back from an EEOC employee to make an appointment."

Weathers disputes Mag. Judge Bryan's comparison that Weathers situation was more like the second *Houston* case than the first *Mace* case. Weathers case is

---

[21] ROA. 345
[22] ROA. 345

quite like the *Mace* case, and not at all like the Houston case. Like *Mace*, Weathers was not informed that she could satisfy the deadline by filing a charge herself and believed that she had fulfilled her statutory obligations to preserve her claims. The court concluded in *Mace* that "Plaintiff's allegations, coupled with documentation submitted in the investigation file submitted by Defendents, alleged that, plaintiff had to wait for EEOC approval to file a charge, misled Plaintiff into believing she had fulfilled her statutory obligations to preserve her claims." Here, the court found equitable tolling was viable.

By contrast, the facts in Weathers case are not at all like the facts in *Houston.* In the *Houston* case the Plaintiff took medical leave and had accrued excessive absences beyond what was allowable. This does not apply to here, Weathers never took medical leave, Weathers was a high performing employee, and was highly recommended by her supervisor when entering the PCA job role.

This case is brought in court due to Sunila Ali and Houston Methodist Hospital's adverse actions that occurred within direct proximity to protected activity where first meeting to discuss being harassed resulted in punishment.[23] Any issues regarding performance are cover-up for discrimination where HMH failed to perform their duties. Nothing about the *Houston* facts are relevant toward

---

[23] ROA. 273-276

any reasonable inference barring Weathers from seeking equitable relief. Here, the 300-day limitations period should be tolled.

Additionally, there has been an unfair surprise. On 10/06/2023 continuance agreement between both parties was submitted to the court to extend time for discovery due to argument where defendants had failed to provide a designee to represent Houston Methodist Hospital.[24] On 10/10/2023 Mag. Christina Bryan granted, then immediately reversed it as moot by granting defendant's summary judgment motion.[25] In *Gomez v. USAA Fed. Sav. Bank No., 171 F. 3d 794* (2nd Cir. 1999); *Conway v Chem. Leaman Tank Lines*, 687 F. 2d at 112 (5th Cir.) Continuation was found preferable to summary judgment.

What's more, Weathers may seek relief from the judgment if not entitled to relief under Rule 60(b)(1) to (5) but for exceptional circumstances which exist that demonstrate the judgment is manifestly unjust. Fed R Civ P 60(b)(6); *Liljeburg v Health Services Acquisition Corp*., 486 U.S. 847, 863-64 (1988); *Henson v Fid. Nat'l Fin., Inc*. F.3d, 434, 443-44 (9th Cir. 2019); *Thompson v Bell* 580 F. 3d 423, 442 (6th Cir. 2009) In this case, there are exceptional circumstances that exist which demonstrate that the judgment is manifestly unjust. In such circumstances courts allow for motions outside the usual grounds. *Allstate Ins.v Herron*, 634, F.

---

[24] ROA. 316
[25] ROA. 320-321

3d 1101 (9th Cir. 2011) In Weathers' case, it may be appropriate to request an amendment to incorporate undisputed facts into the judgment. Grounds for amendment to be considered would be found in the EEOC's 'Best Available Copy' that was provided to the courts and how it seems manifestly unjust that the judge take judicial notice prior to allowing parties to be heard on its contents. Information therein serves as evidence toward Weathers claims that because of a cessation of inquiries during COVID-19, after filing on 02/11/2022 with the EEOC, the EEOC cancelled Weathers scheduled 05/16/2022 interview on 05/12/2022 without speaking to her, and accidentally closed the case. There were no in-person appointments or interviews being held during this time due to the pandemic, and Weathers relied on the online portal to schedule her appointments. Weathers received reminder notifications prior to the 05/16/2022 appointment but there wasn't a capability that allowed Weathers to confirm in the portal, and outgoing calls into the EEOC were continually unanswered - again due to cessation arising from pandemic. From this, an implied expectation that unknown missed calls, possibly made by employees working from home, and unanswered calls into the EEOC, can serve to bar a plaintiff from equitable tolling is wrong. Any presumption from the courts that Weathers is at fault from asserting she "attempted everyday possibly conceivable to schedule an interview ...but appointments were cancelled due to unexpected cancellations" to then allow for conclusory allegations as a reasonable basis to deny claims is an injustice. Weathers has a right to be

heard. Here, the opportunity to amend is and was necessary for a fair and equal

trial.  It's manifestly unjust to prejudice the court's decision against Weathers from

continuing to pursue litigation, altogether, on an erroneous understanding of fact

and law. Weathers submitted a timely sworn complaint of race, sex and retaliation

with the court on 11/09/2022. Title VII does not prevent victims of discrimination

from seeking equitable relief under Chapter 21 statutes 1981, 1981a-2000h,

enumerated under the 14th amendment

## Conclusion

In compliance with Fed. R. App. P. 28(a)(9); It is for the reasons set forth

above that the district court's final judgment should be reversed, amended, and

remanded to a higher court to prevent a clear error and injustice, and allow a fair

trial that provides equitable relief. *Kaufman v Kijakazi*, 32 F. 4th 843, 850-51 (9th

Cir. 2022); *Duran v Town of Cicer*, 653 F. 3d 632, 642-43 (7th Cir. 2011); *Coons v

Indus. Knife Co.*, 620 F. 3d 38, 41 (1st Circ. 2010); *Dotson v Pfizer, Inc.*, 558 F.3d

284, 301-02 (4th Cir. 2009)

Thus, Weathers asks the court to alter, amend, vacate, or reverse and

remand the judgment and render a modified or new judgment that allows the

victim Caitlin Weathers to enter a new trial or to reopen and amend the complaint,

where summary judgment should have been granted in her favor.

/s/ Caitlin Weathers

CAITLIN WEATHERS

02/25/2024

## <u>Certificate of Conference</u>

As required in Texas Rules of Appellate Procedure 10.1(a)(5) and in compliance with 5th Cir. R. 27.4, I certify that I have conferred with all other parties – which are listed below, about the merits of this brief with the following result:

Opposed

ATTORNEYS FOR DEFENDANTS

ATTORNEY IN CHARGE: Daniel Patton

Federal Bar No. 26200

Texas Bar No. 24013302

dpatton@scottpattonlaw.com

OF COUNSEL: Patrick M. Palmer II

Federal Bar No. 3542529

Texas Bar No. 24116871

palmer@scottpattonlaw.com

5301 Katy Freeway, Suite 201

Houston, Texas 77007

Phone: (281) 377-3311

Fax: (281) 377-3267

/s/Caitlin Weathers

CAITLIN WEATHERS

*Pro Se Plaintiff- Appellant*

02/25/2024

## **Certificate of Compliance**

1. This brief complies with the type-volume limitation of Fed. R. App. P.

   32(a)(7)(B) because, excluding parts of the brief exempted by Fed. R. App.

   P. 32(f) and 5th Cir. R. 32.1: this document contains 7,880 words

2. This brief also complies with the typeface requirements of Fed. R. App. P.

   32(a)(5) and 5th Cir. R. 32.1 and the type-style requirements on Fed. R. App.

   P. 32(a)(6) because: this brief has been prepared in a proportionally spaced

   typeface using Microsoft Word 2021 in 14-point font named Times New

   Roman.

/s/Caitlin Weathers

CAITLIN WEATHERS

*Pro Se Plaintiff – Appellant*

02/25/2024

A certificate of compliance if required by FED. R. APP. P. 32(g)(1), and 5 th CIR.
R. 32.3, and FED. R. APP. P. 28(a)(10).

## Certificate of Service

This is to certify that the foregoing instrument has been served via the Court's ECF filing system in compliance with Rule 25(b) and (c) of the Federal Rules of Appellate Procedure, on February 19, 2024, on all registered counsel of record, and has been transmitted to the Clerk of the Court.

/s/Caitlin Weathers

CAITLIN WEATHERS

02/25/2024