No. 23-20536

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

CAITLIN JULIA WEATHERS,
Plaintiff-Appellant,

v.

HOUSTON METHODIST HOSPITAL; SUNILA ALI,
Defendants-Appellees.

On Appeal from the United States District Court
for the Southern District of Texas

# BRIEF OF THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AS AMICUS CURIAE IN SUPPORT OF APPELLANT AND IN FAVOR OF REVERSAL

KARLA GILBRIDE
General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

ELIZABETH E. THERAN
Assistant General Counsel

AMOS B. BLACKMAN
Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(206) 576-3027
amos.blackman@eeoc.gov

## TABLE OF CONTENTS

Table of Authorities ........ ii

Statement of Interest ........ 1

Statement of the Issues ........ 1

Statement of the Case ........ 2

A. Statement of the Facts ........ 2

B. District Court's Decision ........ 5

Argument ........ 7

I. Weathers' verification of her charge two days after the charge-filing deadline "relates back" if her timely submissions to the EEOC satisfied the substantive charge requirements. ........ 7

II. The record demonstrates that Weathers made timely submissions to the EEOC that, taken as a whole, constituted an unverified charge ... 12

III. Even if this Court finds that Weathers' charge was filed two days late, it should apply equitable tolling to deem it timely filed. ........ 17

Conclusion ........ 25

Certificate of Compliance ........ 27

Certificate of Service ........ 28

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Blanchard v. Tulane Univ.*,
636 F. Supp. 3d 642 (E.D. La. 2022) ....................13

*Clark v. Resistoflex Co.*,
854 F.2d 762 (5th Cir. 1988) ....................7

*Conaway v. Control Data Corp.*,
955 F.2d 358 (5th Cir. 1992) ....................20, 23

*Conner v. La. Dep't of Health & Hosps.*,
247 F. App'x 480 (5th Cir. 2007) ....................9, 25

*Davis v. Fort Bend Cnty.*,
893 F.3d 300 (5th Cir. 2018),
*aff'd sub nom. Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843 (2019) ....................16

*Edelman v. Lynchburg Coll.*,
535 U.S. 106 (2002) ....................8, 9, 11, 12

*EEOC v. Vantage Energy Servs., Inc.*,
954 F.3d 749 (5th Cir. 2020) ....................*passim*

*Ernst v. Methodist Hosp. Sys.*,
1 F.4th 333 (5th Cir. 2021) ....................6, 10

*Fed. Express Corp. v. Holowecki*,
552 U.S. 389 (2008) ....................*passim*

*Galvan v. Bexar Cnty.*,
785 F.2d 1298 (5th Cir. 1986) ....................18, 25

*Granger v. Aaron's, Inc.*,
636 F.3d 708 (5th Cir. 2011) ....................19, 24

*Griffin v. City of Dallas*,
26 F.3d 610 (5th Cir. 1994) ....................7

*Hamilton v. Promise Healthcare*,
No. 23-30190, 2023 WL 6635076 (5th Cir. Oct. 12, 2023)..................12, 16, 17

*Houston v. Tex. Dep't of Agric.*,
No. CV-H-18-4431, 2019 WL 11670785
(S.D. Tex. June 5, 2019) ...........................................................................22

*Mace v. Republic Health Corp. of Rockwall Cnty.*,
No. 3:21-CV-01709-M, 2022 WL 2918107
(N.D. Tex. July 25, 2022)...........................................................19, 21, 23

*Melgar v. T.B. Butler Publ'g Co., Inc.*,
931 F.3d 375 (5th Cir. 2019) (per curiam)............................................*passim*

*Patton v. Jacobs Eng'g Grp., Inc.*,
874 F.3d 437 (5th Cir. 2017) ...................................................................13, 14

*Price v. Sw. Bell Tel. Co.*,
687 F.2d 74 (5th Cir. 1982) ...........................................................................17

*Ramirez v. City of San Antonio*,
312 F.3d 178 (5th Cir. 2002) ..........................................................................20

*Sanchez v. Standard Brands, Inc.*,
431 F.2d 455 (5th Cir. 1970) ..........................................................................18

*Teemac v. Henderson*,
298 F.3d 452 (5th Cir. 2002) ..........................................................................18

*United States v. Cent. Gulf Lines, Inc.*,
974 F.2d 621 (5th Cir. 1992) ..........................................................................16

*Zipes v. Trans World Airlines, Inc.*,
455 U.S. 385 (1982)..............................................................................16, 17

**Statutes**

Title VII of the Civil Rights Act of 1964,
42 U.S.C. §§ 2000e *et seq*.............................................................................*passim*

42 U.S.C. § 2000e-5 .....................................................................................8, 9, 16

42 U.S.C. § 2000e-5(b) ....................8, 9, 24

42 U.S.C. § 2000e-5(e)(1) ....................7

**Regulations**

29 C.F.R. § 1601.3(b) ....................14

29 C.F.R. § 1601.9 ....................8

29 C.F.R. § 1601.12(b) ....................8

**Rules**

Fed. R. App. P. 29(a)(2) ....................1

**Other Authorities**

EEOC Compliance Manual, Threshold Issues, § 2-IV(A)(1), 2009 WL 2966756 (May 12, 2000), https://www.eeoc.gov/laws/guidance/section-2-threshold-issues ....................7

EEOC Form 5, Charge of Discrimination (For Illustration Purposes Only) (June 2022), https://www.eeoc.gov/sites/default/files/migrated_files/eeoc/foia/forms/form_5.pdf ....................4

EEOC Public Portal User's Guide, Vol. 2 – Submit an Online Inquiry to the EEOC (Sept. 28, 2023), https://publicportal.eeoc.gov/Portal/content/UserGuides/V2-Submit_an_Online_Inquiry_to_EEOC.pdf ....................14

## STATEMENT OF INTEREST

Congress charged the Equal Employment Opportunity Commission ("EEOC") with administering, interpreting, and enforcing federal laws prohibiting workplace discrimination, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"). This appeal raises important questions regarding Title VII's charge-filing requirements and the circumstances that warrant equitable tolling of the charge-filing period. Because the EEOC has a substantial interest in ensuring the proper application of the laws it enforces and of its own procedural regulations, the EEOC offers its views. *See* Fed. R. App. P. 29(a)(2).

## STATEMENT OF THE ISSUES[1]

1. Whether the district court erred in granting summary judgment to the defendant on the basis that the plaintiff's verification of her formal EEOC charge after the charge-filing deadline rendered her charge untimely.

2. Whether the plaintiff's unverified submissions to the EEOC during the charge-filing period, taken as a whole, constituted a timely charge of

[1] The EEOC takes no position on any other issues in this appeal.

discrimination.

3. Even if the plaintiff's timely submissions to the EEOC did not constitute a charge, whether her written correspondence with the agency prior to the charge-filing deadline demonstrates that equitable tolling of the filing deadline was warranted to render her formal charge timely.

## STATEMENT OF THE CASE

### A. Statement of the Facts

Plaintiff Caitlin Weathers had worked for Defendant Houston Methodist Hospital (the "Hospital") for two years when she was transferred to its Neuro ICU in a new job role in or around June 2021.[2] ROA.8-16. Weathers alleges in her complaint that co-workers in her new unit subjected her to race- and sex-based harassment, and after she complained, her manager initiated a performance improvement plan in retaliation that led to her termination. ROA.10.

The Hospital terminated Weathers on October 4, 2021. ROA.232. On February 11, 2022, Weathers submitted an online inquiry to the EEOC

[2] We briefly recount Weathers' allegations concerning her substantive claims against the Hospital for context only; we take no position on the merits of those claims.

through its Public Portal. ROA.230; ROA.124. Weathers then had to try repeatedly to schedule an intake interview due to the lack of availability. ROA.218. The first interview she was able to obtain, scheduled for May 16, was canceled; the record is silent as to who canceled it or why. ROA.218; ROA.123. On July 7, an EEOC employee emailed Weathers, stating:

> On 2/11/2022, you filed an online inquiry via the EEOC's Public Portal. On 8/1/2022, [the] statute of limitation [to] file a charge of discrimination with the EEOC will expire. We are reaching out to you to determine if you are still interested in filing a charge of discrimination with the EEOC. If you are still interested in filing a charge of discrimination, please contact us no later than 7/14/2022.
>
> If we don't hear from you by 7/14/2022 or you choose not to proceed with this process, the EEOC will take no further action and close your inquiry.

ROA.124. On July 9, Weathers responded by email to the EEOC, "Thank you for getting back to me. Yes, I'm still interested in filing a charge!!! … [W]hat is my next step? Tell me what to do." ROA.125.

On July 28, 2022, the EEOC scheduled Weathers for an August 1 telephone interview. ROA.127. The scheduling email, from "noreply@eeoc.gov," stated that "answering these questions is not the same as filing a charge of discrimination" and provided a general description of a "charge," but it neither warned her that a charge would

not be filed promptly after her interview nor offered her any other method of submitting a charge document. ROA.127. After the interview took place on August 1, the EEOC interviewer emailed Weathers and requested that she provide "a detailed timeline of events." ROA.128. She complied within two hours, including additional details concerning her allegations of harassment and, in substance, retaliation. ROA.129. The next day, the interviewer emailed Weathers again and requested additional detail about Weathers' allegations of discrimination, which she gave later that day. ROA.130-31. On August 3, the investigator emailed Weathers that the charge of discrimination was ready for her signature. ROA.134. Weathers signed the Form 5 charge[3] via the EEOC's website the same day. ROA.232. On August 8, the EEOC issued notice of the verified charge of discrimination to the Hospital. ROA.308.

---

[3] A "Form 5 charge" refers to a formal charge of discrimination, typically drafted by an EEOC employee using an EEOC-standard form and provided to the charging party for verification. *See EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 752-53 (5th Cir. 2020). For an example of a Form 5, see EEOC Form 5, Charge of Discrimination (For Illustration Purposes Only) (June 2022), https://www.eeoc.gov/sites/default/files/migrated_files/eeoc/foia/forms/form_5.pdf.

The EEOC thereafter issued Weathers a Notice of Right to Sue, ROA.310, and Weathers filed suit within ninety days. ROA.8-16. In lieu of filing an answer, the Hospital moved to dismiss the complaint on the basis that Weathers had not fulfilled the administrative prerequisites to suit, asserting that she had not filed a charge of discrimination. ROA.75-82. While the Hospital's motion to dismiss was pending, it filed a "reply" in support of its motion, clarifying that Weathers *had* filed a charge of discrimination and attaching the Form 5 charge Weathers had signed on August 3, 2022. ROA.90-96. At a subsequent status conference, the court granted the Hospital permission to withdraw the motion to dismiss and refile it as a motion for summary judgment, ROA.146, which the Hospital did, ROA.153-69. At no point did the Hospital file an answer.

**B. District Court's Decision**

The district court granted the Hospital's motion for summary judgment and dismissed Weathers' Title VII claims with prejudice. ROA.336-46. The court reasoned that Weathers was required to file a charge with the EEOC within 300 days of the alleged discriminatory act: by August 1, 2022. ROA.340-41. The court acknowledged that Weathers had provided documents showing that she submitted "Case Number 460-2022-

02396" to the EEOC on February 11, as well as email correspondence between Weathers and an EEOC investigator between August 1 and August 3. ROA.341-42. However, it determined that "Plaintiff ha[d] not met her burden to show that she filed a Charge of Discrimination with the EEOC on February 11, 2022, or at any time prior to August 3, 2022." ROA.342. The court recited the charge standard from *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), but noted that under this Court's precedent, a charge must still be in writing, signed, and verified. ROA.342-43 (citing *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021)). The court found that Weathers' "screenshot" reflecting her February submission did not satisfy *Holowecki*. ROA.343. It then determined that Weathers' charge was filed too late because (1) Weathers signed the Form 5 charge on August 3, ROA.343, and (2) "the EEOC itself did not consider the Charge filed until August 3," ROA.343 (citing a system-generated EEOC document from Weathers' charge file).

The court then determined that Weathers was not entitled to equitable tolling. ROA.344-45. It reasoned that the only applicable recognized basis for tolling would be if the EEOC had "misled" Weathers. ROA.345. According to the court, "[t]here is no evidence or allegation in

this case that the EEOC misled Plaintiff about her rights and obligations"; Weathers' situation was more comparable to "waiting for a call-back" than being "actively misled" into awaiting an EEOC interview. ROA.345. The court concluded that the "rare and exceptional circumstances warranting equitable tolling do not exist in this case." ROA.345. The court thus dismissed Weathers' claims against the Hospital with prejudice as time-barred. ROA.345.

## ARGUMENT

### I. Weathers' verification of her charge two days after the charge-filing deadline "relates back" if her timely submissions to the EEOC satisfied the substantive charge requirements.

To pursue a claim under Title VII, employees must file a charge with the EEOC within a set time period after the alleged discrimination took place.[4] 42 U.S.C. § 2000e-5(e)(1). The statute requires charges to "be in

[4] In Texas, the charge-filing period is 300 days. *Griffin v. City of Dallas*, 26 F.3d 610, 614 (5th Cir. 1994). When, as here, the 300th day falls on a Saturday, Sunday, or legal holiday, the charge-filing period continues to run to the next day that is not a Saturday, Sunday, or legal holiday. *See Clark v. Resistoflex Co.*, 854 F.2d 762, 765 n.3 (5th Cir. 1988) ("[S]ince September 7 was a Saturday, Clark had until Monday, September 9, to file his charge."); *accord* EEOC Compliance Manual, Threshold Issues, § 2-IV(A)(1), 2009 WL 2966756 (May 12, 2000), https://www.eeoc.gov/laws/guidance/section-2-threshold-issues ("If the

writing under oath or affirmation," 42 U.S.C. § 2000e-5(b), and EEOC regulations specify that "[a] charge shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. EEOC regulations further state that subsequent verification "will relate back to the date the charge was first received." 29 C.F.R. § 1601.12(b).

In *Edelman v. Lynchburg College*, the Supreme Court held that "the EEOC's relation-back regulation [is] an unassailable interpretation of [42 U.S.C. § 2000e-5]." 535 U.S. 106, 118 (2002). The Court explained that the verification provision provides insurance against "disgruntled, but not necessarily aggrieved, employees," but does not "affect the nature of Title VII as a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *Id.* at 115 (quotation marks and citation omitted). Thus, the Court explained, "[c]onstruing [§ 2000e-5] to permit the relation back of an oath omitted from an original filing ensures that the lay complainant, who may not know enough to verify on filing, will not risk forfeiting his rights inadvertently." *Id.* Although *Edelman* involved a

---

deadline falls on a weekend or holiday, it is extended until the next business day.").

verified Form 5 charge relating back to an attorney-drafted letter, this Court has held that the *Edelman* rule unquestionably permits relating a verified charge back to an unverified intake questionnaire. *EEOC v. Vantage Energy Servs., Inc.*, 954 F.3d 749, 756 (5th Cir. 2020); *accord Conner v. La. Dep't of Health & Hosps.*, 247 F. App'x 480, 481-82 (5th Cir. 2007).

Under *Edelman* and *Vantage Energy*, Weathers' verified Form 5 charge must relate back to her earlier submissions to the EEOC, and the facts of this case demonstrate that doing so achieves the purpose of the verification requirement. The EEOC did not serve the Hospital with Weathers' charge until she had verified it, protecting the Hospital from "the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury." *Edelman*, 535 U.S. at 113; *accord id.* ("This object, however, demands an oath only by the time the employer is obliged to respond to the charge, not at the time an employee files it with the EEOC."). Furthermore, the EEOC issued the Hospital notice of the charge on August 8, 2022, 308 days after Weathers' termination, which was no later than the Hospital was entitled to receive notice had Weathers verified the charge on August 1. *See* 42 U.S.C. § 2000e-5(b) (providing that "a notice of the charge (including the

date, place and circumstances of the alleged unlawful employment practice)" shall be served on an employer within ten days); *cf. Vantage Energy Servs.*, 954 F.3d at 756-57 ("[T]he agency's failure to provide notice of the charge within ten days does not per se violate due process or bar the filing of an enforcement action. Instead, the employer must demonstrate that it was prejudiced by the delay.").

The district court ignored *Edelman* and *Vantage Energy*, instead citing *Ernst*, 1 F.4th at 337, for the proposition that the charge must be signed and verified during the charge-filing period. ROA.342-43. *Ernst*'s holding does not and cannot go so far. Rather, the record in *Ernst* contained no evidence that the plaintiff verified his charge during *or after* the charge-filing period. *Ernst*, 1 F.4th at 338. Thus, *Ernst* simply reflects the indisputable requirement that a charge must eventually be verified; had it held that the verification must occur during the charge-filing period, it would contravene *Edelman* and therefore not be good law.

To the extent the district court rested its conclusion on the EEOC's system-generated document reflecting the August 3 date, ROA.343, the document does not support that weight. In *Vantage Energy*, the court held that whether and when the EEOC deemed a charge to have been filed is

not dispositive. *Vantage Energy Servs.*, 954 F.3d at 755 ("[A]lthough the EEOC's treatment of Poston's questionnaire was ambiguous as to its 'charge' status, the ambiguity is not fatal. … [T]he EEOC's characterization of the questionnaire is not dispositive. What constitutes a charge is determined by objective criteria." (citing *Holowecki*, 552 U.S. at 404)); *see also Holowecki*, 552 U.S. at 404 ("It would be illogical and impractical to make the definition of charge dependent upon a condition subsequent over which the parties have no control."). That is particularly true here, where the EEOC's characterization adds nothing to the "objective criteria" for determining the filing date. *Vantage Energy Servs.*, 954 F.3d at 755. The document from Weathers' EEOC charge file that the court cited simply mirrors the date that Weathers signed the Form 5 charge via the EEOC's website; it does not reflect the EEOC's analysis of the relevant criteria. *See id.* (distinguishing *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 380 (5th Cir. 2019) (per curiam), in which the agency's characterization "assisted in the analysis of a filing's sufficiency"); *cf. Edelman*, 535 U.S. at 115 n.9 (noting that the general practice of EEOC staff members is to prepare a formal charge of discrimination for the complainant to review

and verify, once the allegations have been clarified (citing Brief for United States et al. as Amici Curiae, 2001 WL 1002673, at 24)).

For these reasons, the district court erred in finding that Weathers' verification of her charge on August 3, 2022, rendered her charge untimely.

## II. The record demonstrates that Weathers made timely submissions to the EEOC that, taken as a whole, constituted an unverified charge.

In *Edelman*, once the Supreme Court determined that the plaintiff's verified charge related back to his unverified letter, it remanded for determination of whether the letter otherwise constituted a charge. 535 U.S. at 118-19; *cf. Hamilton v. Promise Healthcare*, No. 23-30190, 2023 WL 6635076, at *5 (5th Cir. Oct. 12, 2023) ("On the record and the briefing before us, it is not clear as a matter of law that Promise Healthcare has met its burden in proving that Hamilton did not exhaust her administrative remedies prior to filing suit."). Here, the record contains sufficient documentation for this Court to determine that Weathers' submissions during the charge-filing period collectively constituted a charge.

In *Holowecki*, the Supreme Court held that a submission to the EEOC may be "deemed a charge" if it contains information required by the regulations (i.e., an allegation of discrimination and the respondent's

name) and can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights." 552 U.S. at 402 (interpreting the ADEA); *see also Vantage Energy Servs.*, 954 F.3d at 754 ("[E]very circuit (including this one) to have considered whether *Holowecki*'s holding extends to Title VII and the ADA has determined that it does."). Although *Vantage Energy* interpreted an "intake questionnaire" standing alone, this Court has held that when a charging party makes multiple submissions, they must be evaluated as component parts of the same EEOC charge. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) ("We find that Patton's intake questionnaire should be construed as part of the EEOC charge." (emphasis added)); *accord Holowecki*, 552 U.S. at 406 ("Here the *combination* of the waiver and respondent's request in the affidavit that the agency 'force' the employer to stop discriminating against her were enough to bring the entire filing within the definition of charge we adopt here." (emphasis added)); *Blanchard v. Tulane Univ.*, 636 F. Supp. 3d 642, 653-54 (E.D. La. 2022) (considering the plaintiff's EEOC inquiry in combination with his formal charge to determine the scope of his charge); *cf. Vantage Energy Servs.*, 954 F.3d at 756 (explaining that, in *Patton*, the court "considered the filings in tandem 'as part of the EEOC charge'").

The combination of Weathers' written submissions by the charge-filing deadline constituted a "charge" meeting *Holowecki*'s requirements. Weathers' online inquiry, which she submitted on February 11, 2022, must be considered part of her charge, albeit not a charge standing alone. *See Patton*, 874 F.3d at 443; *Holowecki*, 552 U.S. at 406. To complete her online inquiry, Weathers had to include the Hospital's name, contact information, and number of employees, and a description of the adverse actions she experienced. *See* EEOC Public Portal User's Guide, Vol. 2 – Submit an Online Inquiry to the EEOC, at 4-5, 8-10 (Sept. 28, 2023), https://publicportal.eeoc.gov/Portal/content/UserGuides/V2-Submit_an_Online_Inquiry_to_EEOC.pdf. A user like Weathers submits this information to the EEOC through transient web forms, and therefore has no paper record of the submission, but her inquiry nonetheless constituted a filing with the EEOC.[5] *See* 29 C.F.R. § 1601.3(b) (defining, for the purposes of Title VII procedural regulations, the terms file, serve, submit, receive, transmit, present, send, issue, and notify to include "all

---

[5] Weathers later requested a copy of her charge file, but it appears the record does not reflect what she received. *See* ROA.306.

forms of digital transmission”). In addition, Weathers supplemented her online submission during the charge-filing period when she emailed the EEOC the written timeline of events it had requested, including additional details concerning her allegations of harassment and, in substance, retaliation. ROA.129.

Unlike the “*Holowecki* box” intake questionnaire at issue in *Vantage Energy*, the online inquiry form Weathers used did not provide a clear method for the complainant to make a “request for the agency to take remedial action to protect the employee’s rights or otherwise settle a dispute between the employer and the employee.” *Vantage Energy Servs.*, 954 F.3d at 753-54 (quoting *Holowecki*, 552 U.S. at 402). However, Weathers objectively demonstrated a “clear manifestation of [her] intent for the EEOC [to] take remedial action” in her July 9, 2022, email to the EEOC: “Yes, I’m still interested in filing a charge!!!” ROA.125; *see Vantage Energy Servs.*, 954 F.3d at 755. This satisfies the last *Holowecki* criterion at least as well as a checkbox on a form. *Vantage Energy Servs.*, 954 F.3d at 755; *accord Holowecki*, 552 U.S. at 402 (“[T]he filing must be examined from the standpoint of an objective observer to determine whether, by a reasonable construction of its terms, the filer requests the agency to activate its

machinery and remedial processes."). Accordingly, the combination of Weathers' written submissions satisfied *Holowecki* by August 1, when the charge-filing period expired. *See Vantage Energy Servs.*, 954 F.3d at 756.

Finally, the district court erred to the extent it placed the burden of proving timeliness on Weathers. ROA.342. Failure to fulfill § 2000e-5's charge-filing requirements provides an *affirmative defense* to liability. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018), *aff'd sub nom. Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843 (2019); *accord Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) (rejecting employer's contention that § 2000e-5's "statutory time limit for filing charges" with the EEOC is "a jurisdictional prerequisite" rather than "an affirmative defense analogous to a statute of limitations"). Because untimeliness is an affirmative defense, the Hospital bears the burden of proving that Weathers' charge was untimely. *Hamilton*, 2023 WL 6635076, at *3 ("The party asserting exhaustion as an affirmative defense bears the burden in demonstrating non-exhaustion."); *accord United States v. Cent. Gulf Lines, Inc.*, 974 F.2d 621, 629-30 (5th Cir. 1992) (recognizing that "an affirmative defense places the burden of proof on the party pleading it"). Here, as in *Holowecki*, *Vantage Energy*, and *Patton*, this is a fact-bound inquiry where a single document is not dispositive.

In the EEOC's view, the existing record suffices to allow this Court to determine that Weathers filed a timely charge. However, even if the Court disagrees, it should nonetheless reverse and remand the case for the Hospital to answer the complaint and for Weathers to develop the factual record. *See Hamilton*, 2023 WL 6635076, at *5 (vacating dismissal and remanding because disputes over timeliness could not be resolved on the pleadings or from the face of the documents available); *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 79 (5th Cir. 1982) (remanding because the district court decided fact issues concerning charge timeliness on the basis of an "inadequate factual presentation").

### III. Even if this Court finds that Weathers' charge was filed two days late, it should apply equitable tolling to deem it timely filed.

Even assuming Weathers' submissions on and before August 1, 2022, did not constitute a charge, "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes*, 455 U.S. at 393; *Melgar*, 931 F.3d at 380 (noting that this Court recognizes at least three bases for equitable tolling of Title VII's charge-filing period). Thus, if this Court disagrees with the EEOC that

Weathers' prior submissions were a charge, equitable tolling is appropriate here because the EEOC's actions led Weathers to file her charge after the charge-filing deadline.

This Court has long held that, particularly because charges are "lay[-]initiated proceeding[s]," "procedural technicalities are not to stand in the way of Title VII complainants." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970) (citation omitted); *accord Galvan v. Bexar Cnty.*, 785 F.2d 1298, 1307 (5th Cir. 1986) ("As this court has often found that procedural errors or inartful charges by the complaining party should not bar Title VII or ADEA actions, we can certainly find no basis for allowing an error by a third party, the EEOC, to have this effect." (footnote omitted)). In keeping with these principles, equitable tolling can excuse an untimely filing in circumstances including "the EEOC's misleading the plaintiff about the nature of her rights." *Melgar*, 931 F.3d at 380 (quoting *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)); *see also id.* at 381 ("We apply equitable tolling when an employee seeks information from the EEOC, and the organization gives the individual incorrect information that leads the individual to file an untimely charge." (emphasis omitted)). In addition, this Court has held that equitable tolling is not limited to bases it

has previously endorsed. *Id.* ("[W]e have opined that there may be other bases that warrant equitable tolling."); *accord Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (affirming equitable tolling despite the case "not fall[ing] into any of the most common categories").

The plaintiff bears the burden of demonstrating the basis for equitable tolling, which this Court reviews for abuse of discretion. *Melgar*, 931 F.3d at 380. In applying this standard, this Court has carefully reviewed the underlying facts and allegations where there are material disputes. *See id.* at 381; *Granger*, 636 F.3d at 712-13. Notably, in *Melgar*, the Court looked to the correspondence between the complainant and the EEOC in determining that the district court had erred in "the conclusion that [the complainant] was responsible for the entire delay." 931 F.3d at 381. Instead, the Court explained, once the EEOC had informed the complainant that it would contact him, it was reasonable for the complainant, "unschooled in the law and without the aid of counsel, to take no further action during the limitations period in the belief that he had done that which was required of him." *Id.* (brackets and citation omitted); *see also Mace v. Republic Health Corp. of Rockwall Cnty.*, No. 3:21-CV-01709-M, 2022 WL 2918107, at *1-3 (N.D. Tex. July 25, 2022) (reviewing

communications between the plaintiff and the EEOC in deciding to grant equitable tolling).[6] The *Melgar* Court thus did not count this period against the complainant and only started the clock again when the EEOC gave him the charge to sign, but held that his charge was still time-barred because he then failed to sign the charge for nineteen weeks. 931 F.3d at 381.

Here, the district court erred in ignoring Weathers' evidence demonstrating that she sought information from the EEOC about how to proceed and that the EEOC gave her information that led her to file an untimely formal charge. *See id.* In particular, the district court abused its discretion in dismissing out of hand Weathers' copies of her email exchanges with the EEOC, ROA.344 n.3. As explained *supra* at 3-4, when an EEOC employee emailed Weathers on July 7, reminding her that the filing

[6] *But cf. Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) ("It is not sufficient for Ramirez to show that the EEOC failed to give him some relevant information; he must demonstrate that the EEOC gave him information that was affirmatively wrong." (citing *Conaway v. Control Data Corp.*, 955 F.2d 358, 363 (5th Cir. 1992), for the proposition that "an accurate, but incomplete, oral statement by the EEOC" is not a basis for equitable tolling (emphasis added))). However, the *Conaway* Court explicitly tied its reasoning to oral representations. *See Conaway*, 955 F.2d at 363 ("It would be virtually impossible for the EEOC or a defendant to rebut a plaintiff's unsupported allegation that the EEOC provided incomplete information in a telephone conversation.").

period would expire on August 1, he stated, "If you are still interested in filing a charge of discrimination, please contact us no later than 7/14/2022." As instructed, Weathers promptly "contact[ed]" the EEOC by replying to the email, emphatically expressing her desire to file a charge, and asking what to do next. The EEOC then scheduled Weathers for an interview on August 1. Although the scheduling email advised Weathers that the interview itself was not a charge of discrimination, it did not offer Weathers any other method of filing a charge, did not warn her that a charge would not be filed promptly after the interview, and did not advise her that she could satisfy the charge requirement by filing a charge herself. *See Mace*, 2022 WL 2918107, at *3 ("According to Plaintiff, the EEOC did not assign her matter to an investigator until 298 days after her constructive discharge, at which time the EEOC disclosed her investigator's name, but did not state that Plaintiff was about to run afoul of the 300-day deadline, nor inform her that she could satisfy the deadline by filing a charge herself."); *see also Melgar*, 931 F.3d at 381.

Here, as in *Melgar*, the EEOC interviewed Weathers during the charge-filing period, but regrettably failed to give her an opportunity to sign the Form 5 charge it prepared based on that interview until after the

period expired. *See Melgar*, 931 F.3d at 381. Instead, after the interview on August 1—the last day for her to file a timely charge, as the EEOC knew—the interviewer emailed Weathers and invited her to provide additional information, but unfortunately he neither warned her that she still had not "filed" a charge nor made any mention of the impending deadline. ROA.128. Moreover, unlike the complainant in *Melgar*, Weathers signed the charge on the same day she was advised by the EEOC investigator to do so. ROA.134. In sum, Weathers asked the EEOC how to complete the filing of her charge long before the deadline, followed the instructions she was given, and promptly signed the charge once given the opportunity. In light of *Melgar*, Weathers acted reasonably and the district court should not have faulted her for the delay caused by the EEOC's handling of the charge-filing process. This Court should equitably toll the filing period for at least the two days necessary to render Weathers' charge timely.

The district court erred by ignoring *Melgar* and analogizing Weathers' conduct to the plaintiff's in *Houston v. Texas Department of Agriculture*, No. CV-H-18-4431, 2019 WL 11670785 (S.D. Tex. June 5, 2019). In *Houston*, the plaintiff made a single telephone contact with the EEOC, then waited a year for a call back before contacting the EEOC again. *Id.* at

*3. Here, Weathers corresponded in writing repeatedly with the EEOC before and on the filing deadline and, crucially, asked for and followed the EEOC's guidance as to what to do next. *See supra* at 3-4. *Compare Melgar*, 931 F.3d at 381 (written correspondence may demonstrate basis for tolling), *with Conaway*, 955 F.2d at 363 (mere allegations of oral representations insufficient basis for tolling).

Furthermore, the district court inexplicably distinguished *Mace*, where the court granted equitable tolling on the basis that the plaintiff first contacted the EEOC 117 days after her discharge and repeatedly thereafter, and the EEOC led her to believe that a charge could not be filed until after she was interviewed, resulting in her late charge. *Mace*, 2022 WL 2918107, at *3. Here, Weathers first contacted the EEOC 130 days after her discharge, repeatedly communicated with the EEOC thereafter during the charge-filing period, and was led to believe that her interview on August 1 was the necessary and only available step for filing her charge. *See supra* at 3-4. The EEOC never advised her that she could avoid running afoul of the filing deadline by filing a charge herself rather than waiting for the EEOC to finalize the charge for her. The facts here render Weathers' argument for equitable tolling at least as strong as Mace's, if not stronger. *See id.* at *3

("[B]y suggesting Plaintiff had to wait for EEOC approval to file a charge, the EEOC misled Plaintiff into believing she had fulfilled her statutory obligations to preserve her claims under Title VII.").

Further, the short delay here resulted in no prejudice to the Hospital. *See Granger*, 636 F.3d at 713 (noting "the lack of demonstrated prejudice" in affirming the application of equitable tolling). Weathers' verified charge was filed just two days after the deadline, and, as explained *supra* at 4-5, the EEOC issued the Hospital notice of the charge five days after the verified charge was filed—well within the timeframe for notice of a timely filed charge. *See* 42 U.S.C. § 2000e-5(b) (providing that "a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice)" shall be served on an employer within ten days); *cf. Vantage Energy Servs.*, 954 F.3d at 756-57 ("[T]he agency's failure to provide notice of the charge within ten days does not per se violate due process or bar the filing of an enforcement action. Instead, the employer must demonstrate that it was prejudiced by the delay.").

Accordingly, even if this Court should find that Weathers' collective submissions to the EEOC did not constitute a charge as of August 1, 2022, it should apply equitable tolling to hold her August 3 charge timely filed. *See*

*Melgar*, 931 F.3d at 381; *cf. Conner*, 247 F. App'x at 482 & n.1 (noting that equitable tolling based on "Conner's reliance on the EEOC" would have provided an alternate basis for reversal and remand); *Galvan*, 785 F.2d at 1307 ("As this court has often found that procedural errors or inartful charges by the complaining party should not bar Title VII or ADEA actions, we can certainly find no basis for allowing an error by a third party, the EEOC, to have this effect." (footnote omitted)).

## CONCLUSION

For the foregoing reasons, this Court should vacate the dismissal of the claims addressed above and remand the case for further proceedings.

Respectfully submitted,

KARLA GILBRIDE
General Counsel

JENNIFER S. GOLDSTEIN
Associate General Counsel

ELIZABETH E. THERAN
Assistant General Counsel

s/Amos B. Blackman
AMOS B. BLACKMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(206) 576-3027
amos.blackman@eeoc.gov

February 15, 2024

**CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Fed. R. App. P. 29(a)(5) and 32(a)(7)(B), and Fifth Circuit Rules 29.2, 29.3, and 32.2, because it contains 5,254 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fifth Circuit Rule 32.2.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Fifth Circuit Rule 32.1, and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Book Antiqua 14 point.

s/Amos B. Blackman
AMOS B. BLACKMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(206) 576-3027
amos.blackman@eeoc.gov

February 15, 2024

**CERTIFICATE OF SERVICE**

I certify that on February 15, 2024, I electronically filed the foregoing brief in PDF format with the Clerk of Court via the appellate CM/ECF system. I certify that all counsel of record for Appellees are registered CM/ECF users, and service will be accomplished via the appellate CM/ECF system. I certify that I served a copy upon Appellant via email to j.weathersca@gmail.com and that she accepted service by email.

s/Amos B. Blackman
AMOS B. BLACKMAN
Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Office of General Counsel
131 M St. N.E., 5th Floor
Washington, D.C. 20507
(206) 576-3027
amos.blackman@eeoc.gov