No. 23-20536

IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

CAITLIN JULIA WEATHERS,

Plaintiff-Appellant

*v.*

HOUSTON METHODIST HOSPITAL; SUNILA ALI

Defendants-Appellees

On Appeal from the United States District Court for the Southern District of Texas
No. 4:22-cv-04085

**BRIEF OF APPELLEES**
**HOUSTON METHODIST HOSPITAL AND SUNILA ALI**

SUBMITTED BY:

DANIEL PATTON
Federal Bar No. 26200
dpatton@scottpattonlaw.com
Patrick M. Palmer II
Federal Bar No. 3542529
palmer@scottpattonlaw.com
SCOTT PATTON PC
5301 Katy Freeway, Suite 201
Houston, Texas 77007
Telephone:   (281) 377-3266
Facsimile:    (281) 377-3267

ATTORNEYS FOR APPELLEES
HOUSTON METHODIST HOSPITAL AND
SUNILA ALI

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| Plaintiff/Appellant | Counsel for Plaintiff/Appellant |
| --- | --- |
| Caitlin Julia Weathers | *Pro se* |

| Defendants/Appellees | Counsel for Defendants/Appellees |
| --- | --- |
| Houston Methodist Hospital | Daniel Patton<br>Federal Bar No. 26200<br>dpatton@scottpattonlaw.com<br>Patrick M. Palmer II<br>Federal Bar No. 3542529<br>palmer@scottpattonlaw.com<br>SCOTT PATTON PC<br>5301 Katy Freeway, Suite 201<br>Houston, Texas 77007<br>Telephone: (281) 377-3311<br>Facsimile:   (281) 377-3267 |
| Sunila Ali | Daniel Patton<br>Federal Bar No. 26200<br>dpatton@scottpattonlaw.com<br>Patrick M. Palmer II<br>Federal Bar No. 3542529<br>palmer@scottpattonlaw.com<br>SCOTT PATTON PC<br>5301 Katy Freeway, Suite 201<br>Houston, Texas 77007<br>Telephone: (281) 377-3311<br>Facsimile:   (281) 377-3267 |

| Other Interested Parties | Counsel for Interested Parties |
|---|---|
| Equal Employment Opportunity Commission | Amos B. Blackman<br>amos.blackman@eeoc.gov<br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>OFFICE OF GENERAL COUNSEL<br>131 M St. N.E., 5th Floor<br>Washington, D.C. 20507<br>Telephone: (206) 576-3027 |

*/s/ Daniel Patton*
Daniel Patton

## STATEMENT REGARDING ORAL ARGUMENT

Appellees Houston Methodist Hospital ("Houston Methodist") and Sunila Ali ("Ali") (collectively, "Appellees") believe that oral argument is not necessary since the issues presented are squarely decided by established precedent. Further, the facts and legal arguments regarding these issues are fully and adequately presented in the record and the parties' briefs such that oral argument would not significantly aid in the Court's decisional process.[1] However, should the Court grant argument, Appellees request equal time to present their argument.

---

[1] *See* Fed. R. App. P. 34(a)(2)(B)-(C); 5th Cir. R. 28.2.3.

# TABLE OF CONTENTS

Certificate of Interested Persons.............................................................i

Statement Regarding Oral Argument.....................................................iii

Table of Contents....................................................................................iv

Table of Authorities ...............................................................................vi

Statement of Jurisdiction.........................................................................2

Statement of the Issues.............................................................................3

Statement of the Case ..............................................................................4

    I.   Objection ........................................................................................4

    II.  Procedural History.........................................................................4

    III. Statement of Facts .........................................................................5

        A.   Appellant's Employment With Houston Methodist.................5

        B.   Appellant Undertakes Efforts To File A Charge Of Discrimination..............6

Standard of Review ................................................................................ 10

Summary of the Argument .................................................................... 12

Argument and Authorities .................................................................... 14

    I.   The District Court Properly Granted Summary Judgment As To All of Appellant's Claims................................................................. 14

        A.   Appellant's Discrimination Claims Were Time-Barred Because Appellant Failed to File Her EEOC Charge Within 300 Days ....................................... 14

        B.   Appellant's EEOC Charge Of Discrimination Does Not Relate Back To Appellant's Online Inquiry Submitted To The EEOC Within 300 Days Of Her Termination................................. 16

            1.  This point has been waived because it was not presented to the trial court................................................................... 17

            2.  Appellant's Online Inquiry was not sufficient to constitute a charge of discrimination ............................... 17

        C.   The District Court Correctly Found That Equitable Tolling Was Inappropriate................................................................... 20

        D.   The District Court Correctly Dismissed Appellant's Claims Against Appellee Ali ..................................................... 25

    II.   Alternatively, This Court May Affirm Summary Judgment on One Or More

Of Several Other Grounds ........................................................... 26

    A.   Appellant's Title VII Discrimination Claims Fail As A Matter of Law ........ 26

    B.   Appellant's Title VII Retaliation Claim Fails As A Matter of Law ............... 28

Conclusion ...................................................................................... 29

Certificate of Service ..................................................................... 30

Certificate of Compliance ............................................................. 31

## TABLE OF AUTHORITIES

### Cases

*Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376 (5th Cir. 2003) ............................................. 26

*Am. Fam. Life Assur. Co. of Columbus v. Biles*, 713 F.3d 887 (5th Cir. 2013) .................. 10

*Am. Home Assurance Co. v. United Space Alliance, LLC,*
378 F.3d 482 (5th Cir. 2004) ........................................................................................ 10

Asongwe v. Wash. Mut. Card Servs. & Subsidiaries,
No. 3:09–CV–0688–G (BH) ECF, 2009 WL 2337558
(N.D. Tex. July 29, 2009) ............................................................................................. 20

*Audibert v. Lowe's Home Centers, Inc.*, 152 Fed. App'x 399 (5th Cir. 2005) ...................... 11

*Baxter v. Minn. Mining and Manufacturing Co.*, 98 Fed. Appx. 301
(5th Cir. 2004) ............................................................................................................... 17

*Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967 (5th Cir. 2023) .................................. 11

*Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875 (5th Cir. 1999) ................................ 28

*Cf. EEOC v. Vantage Energy Servs.*, 954 F.3d 749 (5th Cir. 2020) ..................................... 19

*Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998) .................................................................. 21

*Elliott v. Group Med. & Surgical Services*, 714 F.2d 556 (5th Cir. 1983) ..................... 28, 29

*Fed. Deposit Ins. Corp. v. Mijalis*, 15 F.3d 1314 (5th Cir. 1994) ........................................ 17

*Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389 (2008)..................................................16, 18, 20

*Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843 (2019). ................................................ 14

*Freeland v. Coors of Austin, L.P.*, No. A-10-CA-443-SS,
2015 WL 4744362 (W.D. Tex. Aug. 10, 2015) ...................................................... 19, 20

*Granger v. Aaron's, Inc.*, 636 F.3d 708 (5th Cir. 2011) ................................................ 11, 21

*Holtzclaw v. DSC Comms. Corp.*, 255 F.3d 254 (5th Cir. 2001) ......................................... 26

*Houston v. Tex. Dep't of Agric*, No. CV H-18-4431, 2019 WL 11670785
(S.D. Tex. June 5, 2019). .............................................................................................. 24

*Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1337 (5th Cir. 1996). ................... 26

*Jones. v. Tex. Juvenile Justice Dept.*, 646 Fed. Appx. 374 (5th Cir. 2016) ......................... 14

*Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)..................................................... 10

*Mace v. Republic Health Corp. of Rockwall County,*
No. 3:21-cv-01709-M, 2022 WL 2918107 (N.D. Tex. July 25, 2022). ........................ 21

*McClain v. Lufkin Indus., Inc.*, 519 F.3d 264 (5th Cir. 2008). ........................................... 14

*Owens v. Dallas Cnty. Cmty. Coll. Dist.*, 793 F. App'x 298 (5th Cir. 2019) ....................... 14

*Perez v. Stephens*, 745 F.3d 174 (5th Cir. 2014) ................................................................. 11

*Pickney v. Diamond Offshore Servs. Ltd.*,
No. CV H-18-4545, 2022 WL 889035 (S.D. Tex. Mar. 25, 2022) ............................... 16

*Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984 (5th Cir. 2001) ...................... 17

*Ramirez v. City of San Antonio*, 312 F.3d 178 (5th Cir. 2002) ........................................... 23

*Sambrano v. United Airlines, Inc.*, --- F. Supp. 3d ----,

2023 WL 8721437 (N.D. Tex. Dec. 18, 2023) ..................................................... 16

*Septimus v. Univ. of Houston*, 399 F.3d 601 (5th Cir. 2005). ................................ 27

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) ............................ 14

*Teemac v. Henderson*, 298 F.3d 452 (5th Cir. 2002). ................................... 20, 21

*Thorn v. McGary*, 684 Fed. App'x 430 (5th Cir. 2017) ...................................... 11

*Tillison v. Trinity Valley Elec. Co-op. Inc.*, 204 F. App'x 345 ............................ 21

*U.S. v. Thibodeaux*, 211 F.3d 910 (5th Cir. 2000) ......................................... 25

## Statutes

28 U.S.C. § 1291 ................................................................................................2

28 U.S.C. § 1331 ................................................................................................2

29 C.F.R. § 1626.6 .......................................................................................... 18

42 U.S.C. § 2000(e) ...........................................................................................2

42 U.S.C. § 2000e-2 ........................................................................................ 26

42 U.S.C. § 2000e-2(a). .................................................................................. 25

42 U.S.C. § 2000e-5(e)(1) .............................................................................. 14

## Rules

5th Cir. R. 28.2.4. ............................................................................................iii

5th Circuit Rule 28.2.2 ......................................................................................4

Fed. R. App. P. 28(a)(8)(A) ............................................................................ 26

Fed. R. App. P. 34(a)(2)(B)-(C) .......................................................................iii

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Appellees Houston Methodist and Ali, filing their Appellees' Brief, respectfully requesting that this Court affirm the District Court's dismissal of Appellant Caitlin Julia Weathers's ("Appellant") claims against them, and in support thereof would respectfully show this Court the following:

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 because final judgment was entered against Appellant and in favor of Appellees with respect to all of Appellant's claims by the United States District Court for the Southern District of Texas on October 10, 2023.[2]

The district court had federal question jurisdiction pursuant to 28 U.S.C. § 1331, as Appellant's underlying claims arise out of 42 U.S.C. § 2000(e), *et seq.* ("Title VII").

Appellant filed a timely Notice of Appeal on October 26, 2023.[3]

---

[2] ROA.347.

[3] ROA.349.

## STATEMENT OF THE ISSUES

Appellees submit the following statement of the issues presented:

I.     Whether the District Court correctly granted Appellees' Motion for Summary Judgment with respect to Appellant's Title VII claims?

II.    Whether the District Court correctly determined that Appellant's Title VII claims were time-barred, having found that Appellant failed to file a Charge of Discrimination within 300 days of any unlawful employment practice alleged by Appellant?

III.   Whether the District Court correctly determined that equitable tolling of the 300-day charge filing deadline was inappropriate to deem Appellant's Charge of Discrimination timely filed?

IV.    Whether the District Court correctly dismissed Appellant's Title VII claims against Appellee Ali, having found that no individual liability exists under Title VII?[4]

---

[4] Appellant does not appeal the dismissal of her Title VII claims brought against Ali individually.

## STATEMENT OF THE CASE

### I.     OBJECTION

Appellees object to Appellant's reference to factual allegations that do not include citations to the record on appeal. Specifically, Appellant states numerous factual allegations concerning the underlying case without citing the record, and therefore, has failed to comport with 5th Cir. R. 28.2.2.[5] As a result, Appellant's lack of citations to the record on appeal is insufficient as she has not adequately articulated the record evidence to each issue that she advances on appeal.[6]

### II.     PROCEDURAL HISTORY

Appellant initially filed a lawsuit against Appellees on November 16, 2022,[7] alleging violations of Title VII based on race and gender discrimination and retaliation.[8] Appellees moved to dismiss Appellant's claims under Federal Rule of Civil Procedure 12(b)(6), arguing both that Appellant failed to exhaust her administrative remedies for her Title VII claims and that Appellee Ali was not a proper party in the case.[9]

After Appellees filed their Motion to Dismiss, Appellees discovered that Appellant submitted a late-filed Charge of Discrimination on August 3, 2022, 303 days

---

[5] Appellant's Br. at 19-21

[6] 5th Circuit Rule 28.2.2 provides that "[e]very assertion in briefs regarding matter in the record must be supported by a reference to the page number of the original record, whether in paper or electronic form, where the matter is found using the record citation form as direct by the Clerk of Court. 5th Cir. R. 28.2.2.

[7] ROA.8-16.

[8] ROA.75-81.

[9] *Id.*

after her termination on October 4, 2021, clarifying this fact in its Reply Brief in Support of Appellees' Motion to Dismiss.[10] The District Court subsequently conducted a status conference on May 1, 2023, granting Appellees permission to withdraw its Motion to Dismiss and to refile it as a motion for summary judgment,[11] which Appellees completed on May 22, 2023.[12]

The District Court issued its Summary Judgment Opinion and Order on October 10, 2023, granting Appellees' Motion for Summary Judgment and dismissing Appellant's Title VII claims with prejudice.[13] The District Court also issued its Final Judgment that same day, on October 10, 2023.[14]

Appellant subsequently filed her Notice of Appeal on October 26, 2023.[15]

### III.    STATEMENT OF FACTS

### A.    Appellant's Employment With Houston Methodist

Appellant was hired by Houston Methodist in May 2019, as a Transporter on a part-time basis.[16] Several months later, in September 2019, Appellant became a full-time employee at Houston Methodist.[17] In May 2021, Appellant began working as a Patient

---

[10]  ROA.90-104.

[11]  ROA.146.

[12]  ROA.153-69.

[13]  ROA.336-46.

[14]  ROA.347

[15]  ROA.350.

[16]  ROA.173.

[17]  ROA.191.

Care Assistant ("PCA") under the supervision of Ali, the Director of Houston Methodist's Neurological Intensive Care Unit ("NICU").[18] From May 2021 through October 4, 2021 (Appellant's termination date), Appellant received performance-based counseling on at least three (3) separate occasions and was ultimately terminated for failing to "comply with instructions provided by nurses, performing out of PCA scope of practice and contributing to a disruptive work environment."[19]

### B.    Appellant Undertakes Efforts To File A Charge Of Discrimination

More than four (4) months (specifically, 130 days) after Appellant's termination from Houston Methodist, Appellant submitted an "online inquiry" via the Equal Employment Opportunity Commission's ("EEOC") Public Portal on February 11, 2022.[20] On February 28, 2022, the EEOC notified Appellant that a phone interview had been scheduled concerning her inquiry on May 16, 2022.[21] The EEOC also gave conspicuous notice to Appellant in this notice stating: "**ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION.**"[22] Directly below this conspicuous notice, Appellant was also advised on the nature of a charge of discrimination and was cautioned of the "strict time limits" for filing a charge of discrimination:

---

[18]  *Id.*

[19]  ROA.194.

[20]  ROA.124.

[21]  ROA.123.

[22]  *Id.*

A charge of discrimination is a signed statement asserting that an organization engaged in employment discrimination. It requests EEOC to take remedial action. The laws enforced by EEOC, except the Equal Pay Act, require you to file a charge before you can file a lawsuit for unlawful discrimination. There are strict time limits for filing a charge.[23]

Appellant's May 16, 2022 phone interview was cancelled on May 12, 2022, for reasons which are absent from the appellate record.[24]

After the passage of nearly two (2) months, an EEOC employee contacted Appellant on July 7, 2022, informing her of the imminent August 1, 2022 charge of discrimination filing deadline and to inquire if Appellant was "still interested in filing a charge of discrimination."[25] Appellant was advised to contact the EEOC no later than July 14, 2022, regarding her continued interest in filing a charge.[26] On July 9, 2022, Appellant contacted the EEOC, indicating that she was still interested in filing a charge of discrimination and inquired about next steps.[27]

The EEOC scheduled Appellant for an additional phone interview on August 1, 2022, via a notice with identical language as the notice that Appellant had received on February 28, 2022, five months prior.[28] Appellant was similarly given conspicuous

---

[23] ROA.123.

[24] ROA.123; ROA.344.

[25] ROA.124. Importantly, this information was not part of the summary judgment record presented to the District Court.

[26] *Id.*

[27] ROA.125. Importantly, this information was not part of the summary judgment record presented to the District Court.

[28] ROA.127.

notice that: "**ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION.**" [29] After Appellant's phone interview on August 1, 2022, Appellant was asked to provide a "detailed timeline of events" to the EEOC that afternoon.[30] Two hours later, Appellant replied, providing a rough timeline and events from April 2021 through August 2021 to the EEOC.[31]

The next morning, on, August 2, 2022, the EEOC investigator contacted Appellant, advising her that he would "be sending your charge shortly to collect signature."[32] Appellant's charge of discrimination was finalized on August 3, 2022.[33]

On August 3, 2022, 303 days after her termination date, Appellant filed a formal Charge of Discrimination with the EEOC.[34] Specifically, Appellant alleged Houston Methodist discriminated and retaliated against her when it discharged her from her position as a PCA on or about October 4, 2021.[35] The EEOC issued a Determination and Notice of Rights on August 11, 2022.[36] The EEOC's Determination and Notice of Rights indicated that it would proceed no further with an investigation of Appellant's Charge of Discrimination and was making no determination about whether an

---

[29] ROA.127.

[30] ROA.242-243.

[31] *Id.*

[32] ROA.243-244.

[33] ROA.170, 232.

[34] *Id.*

[35] *Id.*

[36] ROA.235-236.

investigation would establish a Title VII violation.[37]

Subsequent to the EEOC issuing its Determination and Notice of Rights, Appellant filed a lawsuit in the United States District Court for the Southern District of Texas on November 2022 against Appellees, alleging violations of Title VII of the Civil Rights Act of 1964.[38]

---

[37] *Id.*

[38] ROA.8-16.

**STANDARD OF REVIEW**

The Fifth Circuit reviews a trial court's grant of summary judgment *de novo*, applying the same standards as the district court.[39] Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[40] If the moving party meets its burden, the non-movant must designate specific facts showing that there is a genuine issue for trial.[41] Importantly, with respect to this appeal, although on summary judgment the record is reviewed *de* novo, the Fifth Circuit does not "consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion."[42] Because the Fifth Circuit's review is *de novo*, this Court's "analysis is not limited to that employed by the district court," and this Court "may affirm the district court's decision on any basis presented to the district court."[43]

The Fifth Circuit reviews a trial court's denial of equitable tolling for abuse of

---

[39] *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 486 (5th Cir. 2004).

[40] *See id.*; Fed. R. Civ. P. 56(a).

[41] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)

[42] *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 713 F.3d 887, 896 (5th Cir. 2013) (rejecting appellant's argument that district court's summary judgment should be reversed based on an affidavit in the record that was not cited in opposition to summary judgment) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992)). The summary judgment record has been identified as ROA.153-315.

[43] *Id.* (internal citations omitted).

discretion.[44] A district court abuses its discretion if "it bases its decision on an erroneous view of the law or a clearly erroneous assessment of the evidence."[45] "This standard of review extends to both the district court's factfinding, and its determination of the applicability of equitable tolling to those facts."[46]

While pleadings and briefs of *pro se* litigants are to be held "to less stringent standards" than those "drafted by lawyers,"[47] "*pro se* litigants must still comply with the principles of appellate procedure, including the principle that arguments must be briefed to be preserved."[48]

---

[44] *Granger v. Aaron's, Inc.*, 636 F.3d 708, 711-12 (5th Cir. 2011).

[45] *Perez v. Stephens*, 745 F.3d 174, 177 (5th Cir. 2014) (internal quotation omitted).

[46] *Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 969 (5th Cir. 2023).

[47] *Audibert v. Lowe's Home Centers, Inc.*, 152 Fed. App'x 399, 401 (5th Cir. 2005) (internal quotation omitted).

[48] *Thorn v. McGary*, 684 Fed. App'x 430, 432 (5th Cir. 2017).

## SUMMARY OF THE ARGUMENT

Appellant's Title VII claims fail because Appellant did not file a Charge of Discrimination within the requisite statutory period. Exhaustion of administrative remedies under Title VII requires: (1) a timely filed: (2) charge; (3) that is verified; and (4) timely notice to the employer.

In viewing the entirety of the summary judgment record,[49] the District Court correctly granted summary judgment in favor of Appellees and against Appellant because the summary judgment evidence considered by the District Court—which Appellant did not adequately refute—demonstrated that Appellant's verified charge of discrimination was not timely filed within 300 days of her termination from Houston Methodist. Moreover, Appellant has not carried her burden to show that equitable tolling should apply so as to deem her late-filed charge of discrimination timely filed.

Second, Appellant fails to address the District Court's finding that Title VII does not support liability as to an individual who was not an "employer" as defined under Title VII. As a consequence of this finding, the District Court properly dismissed Appellant's claims against Appellee Ali individually.

Even assuming *arguendo* that Appellant's claims were not time-barred, Appellant fails to address the numerous other fatal deficiencies in her Title VII claims. This Court may affirm the summary judgment for any one of the following alternative reasons: (1)

---

[49]  The summary judgment record has been identified as ROA.153-315.

Appellant has failed to offer any evidence to support the fourth element of her *prima facie* case of race and gender discrimination that Houston Methodist replaced Appellant with someone who was not Caucasian, was not a woman, or that other similarly situated persons were treated more favorably; and (2) Appellant presented no evidence of a causal connection between her alleged protected activity and any adverse employment decision in support of her Title VII retaliation claim.

For the foregoing reasons, the summary judgment entered against Appellant in this case should be affirmed.

## ARGUMENT AND AUTHORITIES

### I.    THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT AS TO ALL OF APPELLANT'S CLAIMS

#### A.    Appellant's Discrimination Claims Were Time-Barred Because Appellant Failed to File Her EEOC Charge Within 300 Days

As the District Court correctly found, Appellant's Title VII claims were time-barred because Appellant failed to timely file her Charge of Discrimination.[50] At the outset, Appellant was required to exhaust her administrative remedies before pursuing Title VII claims in federal court.[51] Importantly, "[f]ailure to exhaust is not a procedural 'gotcha' issue. It is a mainstay of proper enforcement of Title VII remedies."[52] To pursue her discrimination claims pursuant to Title VII, Appellant was required to *file* a charge of discrimination within 300 of the alleged discriminatory act and receiving a right to sue letter.[53] A charge of discrimination is considered "filed" on the date it is received by the EEOC.[54] "If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed."[55]

Here, the summary judgment record unequivocally demonstrated that Appellant

---

[50] ROA.340.

[51] *Fort Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1851 (2019).

[52] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 272 (5th Cir. 2008).

[53] 42 U.S.C. § 2000e-5(e)(1); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)).

[54] *Owens v. Dallas Cnty. Cmty. Coll. Dist.*, 793 F. App'x 298, 301 (5th Cir. 2019) (citing 29 C.F.R. § 1601.13).

[55] *Jones. v. Tex. Juvenile Justice Dept.*, 646 Fed. Appx. 374 at n.4 (5th Cir. 2016) (quoting *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 476-77 (5th Cir. 1991)).

failed to satisfy this statutory prerequisite to her lawsuit. Appellant's Charge of Discrimination identified October 4, 2021, as the date of her termination from Houston Methodist and, accordingly, the latest date that Appellant allegedly suffered discrimination.[56] Accordingly, Appellant was required to file her EEOC charge of discrimination on or before August 1, 2022—300 days later.

The District Court noted that Appellant's summary judgment evidence of a "phone screenshot" of her EEOC Public Portal did not show that Appellant filed a Charge of Discrimination with the EEOC any time prior to Appellant's 300-day deadline, but rather "show[ed] only that she submitted an inquiry to the EEOC on February 11, 2022, it was assigned case number 460-2022-02396 (the same case number reflected on her formal Charge of Discrimination), and her Charge of Discrimination was ultimately closed."[57]

Importantly, the summary judgment record that the District Court considered in granting Appellees' motion for summary judgment contains no evidence submitted by Appellant demonstrating that she timely filed a Charge of Discrimination. Moreover, the District Court properly determined that Appellant's summary judgment evidence could not "be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and

---

[56] ROA.170.

[57] ROA.343.

the employee."[58] The District Court further properly determined that Appellant's pre-charge of discrimination email correspondence with the EEOC similarly did not evince prompt remedial action by the EEOC so as to arise to the level of a timely-filed Charge of Discrimination.[59]

The foregoing evidence was clear and uncontroverted in the District Court summary judgment proceedings. Appellant failed to timely file her EEOC Charge of Discrimination as required to pursue her claims under Title VII. Accordingly, these claims were time-barred and appropriately dismissed by the District Court.

### B.    Appellant's EEOC Charge Of Discrimination Does Not Relate Back To Appellant's Online Inquiry Submitted To The EEOC Within 300 Days Of Her Termination

Appellant argues that her "charge was first received" on February 11, 2022, wherein she first made complaints of "Adverse Actions" to the EEOC.[60] By virtue of the EEOC "receiving" Appellant's "charge" in February 2022, Appellant posits that her Charge of Discrimination should relate back to February 2022, well within the 300-day limitations period. This argument fails for multiple reasons.

---

[58]  *See Fed. Exp. Corp. v. Holowecki*, 552 U.S. 389, 402 (2008).

[59]  *See* ROA.343; *see also Pickney v. Diamond Offshore Servs. Ltd.*, No. CV H-18-4545, 2022 WL 889035, at *6 (S.D. Tex. Mar. 25, 2022) (holding that plaintiff did not exhaust certain Title VII claims because his "pre-charge email to the EEOC was neither sworn nor attached to his sworn charge."); *see also Sambrano v. United Airlines, Inc.*, --- F. Supp. 3d ----, 2023 WL 8721437, at *15 (N.D. Tex. Dec. 18, 2023) (finding that plaintiff's online inquiry form and other pre-charge filings did not satisfy the request-to-act condition mandated by *Holowecki*).

[60]  Appellant's Br. at 29.

     1.     *This point has been waived because it was not presented to the trial court*

First, Appellant failed to raise this argument with the District Court. In reviewing a summary judgment, the appellate court is "'limited to the summary judgment record and the plaintiffs may not advance on appeal new theories or raise new issues not properly before the district court to obtain reversal of the summary judgment.'"[61] "[I]f a litigant desires to preserve an argument for appeal, the litigant must press and not merely intimate the argument during the proceedings."[62] Since Appellant failed to raise this argument before the District Court, Appellant has waived any argument that her Charge of Discrimination relates back to documents submitted to the EEOC within the 300-day deadline. This point may not serve as a basis for reversing summary judgment in this case.[63]

     2.     *Appellant's Online Inquiry was not sufficient to constitute a charge of discrimination*

Alternatively, to the extent that this Court finds that Appellant has not waived this issue on appeal, the District Court was correct in determining that Appellant's "online inquiry" provided to the EEOC was insufficient to constitute a Charge of Discrimination.

---

[61] *Provident Life and Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 n.11 (5th Cir. 2001) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071 n.1 (5th Cir. 1994) (en banc).

[62] *Fed. Deposit Ins. Corp. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994); *see also Baxter v. Minn. Mining and Manufacturing Co.*, 98 Fed. Appx. 301 (5th Cir. 2004) (rejecting plaintiff's argument that EEOC charge should have related back to date of intake questionnaire filed with Texas state agency, finding that "it had not been presented to the district court in the first instance" and declining to address on appeal)..

[63] *Provident Life*, 274 F.3d at 991 n.11; *Little*, 37 F.3d at 1071.

Appellant argues that her "charge was first received on [February 11,] 2022" and details the contents of her "charge."[64] Appellant argues that "[a] charge is 'sufficient' if it meets the requirements of [29 C.F.R. §] 1626.6-*i.e.*, if it is 'in writing and . . . names the prospective respondent and . . . generally alleges the discriminatory acts,'"[65] therefore Appellees should be "held liable for their actions."[66] Although Appellant cites *Federal Express Corporation v. Holowecki* for the requirements of a charge under 29 C.F.R. § 1626.6,[67] indeed *Holowecki* requires something more—namely *a request for the EEOC to take remedial action on behalf of the employee*:

> We conclude as follows: In addition to the information required by the regulations, *i.e.*, an allegation and the name of the charged party, if a filing is to be deemed a charge it must be reasonably construed as *a request for the agency to take remedial action* to protect the employee's rights or otherwise settle a dispute between the employer and the employee.[68]

Appellant fails to demonstrate that her "charge" of discrimination purportedly submitted in February 2022, "asked the EEOC to take action" as mandated by the United States Supreme Court in *Federal Express Corp. v. Holowecki*. Appellant merely provides general factual information about Appellant's allegations of discrimination and makes no affirmative requests of the EEOC. In pertinent part, Appellant argues that

---

[64] Appellant's Br. At 29.

[65] *Id.* (quoting *Holowecki*, 552 U.S. at 396).

[66] *Id.* At 30.

[67] 29 C.F.R. § 1626.6 provides: "A charge shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s). Charges received in person or by telephone shall be reduced to writing." 29 C.F.R. § 1626.6.

[68] *Holowecki*, 552 U.S. at 402 (emphasis added).

she submitted the following to the EEOC in February 2022:

> I was discriminated based on my race, color, and genetic information at Houston Methodist Hospital that resulted in termination of employment on 10/04/2021. I was the only Caucasian in my job role during the time I was employed at HMH. In my last role as a PCA I was called white trash, gossiped about regarding my physical characteristics, slandered regarding my abilities, and then management used my co-worker's slander as credible means of judging my performance. I was terminated because of this claim that I was not performing to their standards.[69]

Nothing in this language provided by Appellant to the EEOC may be reasonably construed as satisfying *Holowecki's* request-to-act condition.[70] Appellant includes no language indicating a desire to file a Charge of Discrimination in the language contained in her online inquiry to the EEOC, nor any other request for action by the EEOC, other than relaying a factual narrative of events and Appellant's subjective belief of discrimination. Indeed, the summary judgment record considered by the District Court contained no evidence that indicated a clear manifestation of intent by Appellant to authorize the EEOC to take remedial action on Appellant's behalf.[71]

Accordingly, Appellant's initial February 2022 communication with the EEOC

---

[69] Appellant's Br. At 29.

[70] *See Freeland v. Coors of Austin, L.P.*, No. A-14-CA-443-SS, 2015 WL 4744362, at *7 (W.D. Tex. Aug. 10, 2015) (finding that initial online inquiry forms cannot constitute a charge where they "lack[] the request to act demanded by *Holowecki*.").

[71] *Cf. EEOC v. Vantage Energy Servs.*, 954 F.3d 749, 755 (5th Cir. 2020) (finding intake questionnaire with "sparse content" a charge when the employee checked a box stating: "I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above."). Notably, such is not the case here. Appellant has presented no evidence in the summary judgment record that the authorized the EEOC to investigate the facts presented in her online inquiry.

is insufficient to constitute a charge of discrimination.[72] The foregoing demonstrates that to the extent this Court finds that Appellant has not waived this point of error, Appellant's February 2022 communication to the EEOC was not sufficient to constitute a Charge of Discrimination under Title VII.

### C. The District Court Correctly Found That Equitable Tolling Was Inappropriate

Appellant additionally alludes to "equitable tolling" in her briefing to this Court, arguing that the "300 day limitations period should be tolled."[73] The District Court correctly found that "rare and exceptional circumstances warranting equitable tolling do not exist in this case,"[74] properly rejecting Appellant's request to deem her untimely-filed charge timely vis-à-vis equitably tolling. At the outset, Appellant bore the burden to demonstrate that the 300-day deadline should be equitably tolled.[75] This Court has described at least three (3) possible bases for equitable tolling:

(1)   the pendency of a suit between the same parties in the wrong forum;

(2)   plaintiff's unawareness of the facts giving rise to the claim because

---

[72] *See Freeland*, 2015 WL 4744362 at *7 (W.D. Tex. Aug. 10, 2015) ("If simply completing the Intake Questionnaire amounted to a charge, then every properly completed intake questionnaire would be a charge, a conclusion not supported by the statute, its regulations, or *Holowecki*, which held that 'the agency is not required to treat every completed Intake Questionnaire as a charge.'"); *see also Asongve v. Wash. Mut. Card Servs. & Subsidiaries,* No. 3:09–CV–0688–G (BH) ECF, 2009 WL 2337558, at *3 (N.D. Tex. July 29, 2009) ("Since the intake questionnaire fails to request remedial action by the EEOC, it cannot be deemed a proper charge of discrimination.").

[73] Appellant's Br. at 34.

[74] ROA.345.

[75] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002).

of the defendant's intentional concealment of them; and

(3)     the EEOC's misleading the plaintiff about the nature of her rights.[76]

Importantly, equitable tolling is to be applied "sparingly"[77] and only in "rare and exceptional circumstances."[78] "Although the employee's diligent pursuit of remedies is relevant . . . standing alone, it does not justify tolling."[79]

Here, the District Court did not abuse its discretion in declining to apply equitable tolling to Appellant's untimely filed charge of discrimination. Finding error in the District Court's opinion, Appellant argues in her brief that she "was not informed that she could satisfy the deadline by filing a charge herself and believed that she had fulfilled her statutory obligations to preserve her claims,"[80] citing *Mace v. Republic Health Corp. of Rockwall County*.[81] Appellant's reliance on the facts in *Mace* is misplaced. In *Mace*, the district court found equitable tolling appropriate where the EEOC *actively misled* Plaintiff into believing that she could not preserve a claim by filing a timely charge of discrimination on her own and had to await an EEOC interview before filing.[82] Additionally in *Mace*, the EEOC did not assign her matter to an EEOC investigator

---

[76] *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) (citing *Wilson v. Sec'y Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (per curiam))

[77] *Tillison v. Trinity Valley Elec. Co-op. Inc.*, 204 F. App'x 345, 348 (quoting *Ramirez*, 312 F.3d at 183) (emphasis added).

[78] *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (emphasis added).

[79] *Teemac*, 298 F.3d at 458.

[80] Appellant's Br. At 33.

[81] No. 3:21-cv-01709-M, 2022 WL 2918107 (N.D. Tex. July 25, 2022).

[82] *Id.* At *3.

"until 298 days after her constructive discharge, at which time the EEOC disclosed her investigator's name, but did not state that Plaintiff was about to run afoul of the 300-day deadline, nor inform her that she could satisfy the deadline by filing a charge herself."[83]

The summary judgment evidence submitted by Appellant in support of her request for equitable tolling did not show that the EEOC actively misled Plaintiff about her rights and obligations. Appellant's evidence that the District Count considered showed that an EEOC employee named Rafael Rivera reached out to Appellant on August 1, 2022, asking her to "please provide a detailed timeline of events that led up to termination."[84] Appellant responded two (2) hours later, providing a rough timeline of eight (8) discrete events, apparently occurring over the span of five (5) months.[85] On August 2, 2022, Mr. Rivera again contacted Appellant and affirmed that he would "be sending [Appellant's] charge shortly to collect signature."[86] On August 3, 2023, Mr. Rivera indicated to Appellant that her "charge of discrimination is ready for your signature."[87] Appellant signed her Charge of Discrimination on that same day—303 days after her termination from Houston Methodist.[88]

---

[83] *Id.*

[84] ROA.242

[85] *Id.*

[86] ROA.243.

[87] ROA.244

[88] ROA.232

Even if the summary judgment record indicated that Appellant filed her charge of discrimination late due to a lack of information received by the EEOC, equitable tolling would still not be warranted. Appellant is required to show that the EEOC gave her information that was *affirmatively wrong*, which is not the case here.[89] There is nothing "affirmatively wrong" contained in any communication by the EEOC to Appellant that Appellant presented in the summary judgment record.

Appellant's efforts in contacting the EEOC likewise do not warrant equitable tolling. As correctly noted by the District Court, although Appellant noted in her summary judgment response that she "attempted everyday possibly conceivable to schedule an interview" but dates were never available due to the cessation of in-person interviews during COVID-19, and that when she scheduled interviews they had to be cancelled "due to unexpected cancellations," Appellant brought forth no evidence indicating that these "unexpected cancellations" were caused by the EEOC.[90]

In a further effort to determine whether equitable tolling was appropriate, the District Court also considered documents that Appellant submitted to the Court but did not docket on record.[91] The District Court characterized these documents as

---

[89] *See Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) ("It is not sufficient for Ramirez to show that the EEOC failed to give him some relevant information; he must demonstrate that the EEOC gave him information that was affirmatively wrong.") (citing *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992) (holding that "an accurate, but incomplete oral statement by the EEOC" is not a basis for equitable tolling).

[90] ROA.344.

[91] *Id.*

showing that:

> the EEOC created an inquiry on February 11, 2022 and promptly
> scheduled an interview for May 16, 2022, which was cancelled on May 12,
> 20[2]2. The documents also show that EEOC reached out to Plaintiff on
> July 7, 2022 to inform her of the pending August 1, 2022 deadline and
> made at least one other attempt to contact Plaintiff prior to Rivera's
> August 1, 2022 email cited above.  In sum, the undocketed records do not
> support a finding that Plaintiff diligently pursued filing a formal Charge of
> Discrimination following her February 11, 2022 online inquiry as required
> to warrant equitable tolling of the statute of limitations.[92]

The District Court correctly analogized Appellant's circumstances to the facts in
*Houston v. Tex. Dep't of Agric.*,[93] holding equitable tolling as inappropriate "because
[plaintiff] was waiting for a call-back from an EEOC employee to make an
appointment."[94] The District Court's summary of Appellant's own documents show
that the *EEOC* had reached out to *Appellant*, not the other way around.[95] Appellant
presented no evidence to the contrary. The burden was on Appellant to prove that
equitable tolling was warranted. Appellant cannot meet that burden without providing
evidence at least demonstrating her diligent efforts in contacting the EEOC or that she
felt misled by the EEOC. At the District Court, Appellant presented none.  Appellant's
summary judgment evidence that she provided to the District Court was insufficient to
establish her burden for equitable tolling.

---

[92] *Id.*

[93] No. CV H-18-4431, 2019 WL 11670785, at *3 (S.D. Tex. June 5, 2019).

[94] ROA.345.

[95] ROA.344.

As shown in Appellee's Motion for Summary Judgment, the evidence in this case demonstrated that Appellant failed to file her charge of discrimination within the 300-day statutory period, instead filing her charge on August 3, 2022, 303 days after her termination from Houston Methodist. As a result, Appellant's discrimination and retaliation claims were time barred, and Houston Methodist was entitled to summary judgment with respect to these claims. Appellant's point of error with respect to her request for equitable tolling should be similarly overruled.

### D.    The District Court Correctly Dismissed Appellant's Claims Against Appellee Ali

Appellant fails to address in her brief the ruling made by the District Court that no individual liability exists under Title VII. Accordingly, Appellant has waived this argument.[96] As Appellant cannot overcome this defect, this Court should affirm the District Court's dismissal of Appellant's claims against Appellee Ali, individually.

Even if Appellant did not waive this argument on appeal, Appellee Ali cannot be held individually liable under Title VII as Ali was not Appellant's "employer" as that term is defined in Title VII. As noted by the District Court, Title VII prohibits discrimination by "employers." [97] It is well-established that individuals are not "employers" under Title VII "are not liable under Title VII in either their individual or

---

[96] *U.S. v. Thibodeaux*, 211 F.3d 910, 912 (5th Cir. 2000) ("It has long been the rule in this circuit that any issues not briefed on appeal are waived."); *see also* Fed. R. App. P. 28(a)(8)(A).

[97] 42 U.S.C. § 2000e-2(a).

official capacities."[98]

Here, the District Court properly found that Ali "is an individual who was Appellant's supervisor, not her employer."[99] Indeed, the summary judgment record reflects evidence submitted by Houston Methodist in support of its motion that Ali was Appellant's "supervisor," including an affidavit from Ali attesting that she "was [Appellant's] supervisor."[100] Accordingly, the District Court properly granted summary judgment as to Appellant's Title VII claims against Ali. This Court should likewise affirm the District Court's grant of summary judgment in favor of Appellee's as proper.

## II.  ALTERNATIVELY, THIS COURT MAY AFFIRM SUMMARY JUDGMENT ON ONE OR MORE OF SEVERAL OTHER GROUNDS

While the evidence in the summary judgment record regarding the untimeliness of Appellant's Charge of Discrimination was reason enough to dismiss her remaining claims, additional, alternative reasons exist warranting summary judgment in favor of Appellees. Assuming *arguendo* that Appellant satisfied her statutory prerequisites, this Court should still affirm summary judgment for one or more of the reasons discussed in detail below.[101]

### A.  Appellant's Title VII Discrimination Claims Fail As A Matter of

---

[98]  *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 382 n.1 (5th Cir. 2003) (citing *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-449 (5th Cir. 2002)).

[99]  ROA.346.

[100]  ROA.198, 206.

[101]  *See Holtzclaw v. DSC Comms. Corp.*, 255 F.3d 254, 258 (5th Cir. 2001) ("We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court."); *Jones v. Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1337 (5th Cir. 1996).

### Law

Title VII makes it an "unlawful employment practice" to discriminate against an individual "because of" such individual's race, color, religion, sex, or national origin.[102] Appellant may establish a prima facie case by showing that she "1) is a member of a protected class; 2) was qualified for her position; 3) was subjected to an adverse employment action; and 4) was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably."[103]

Here, Appellant presented no evidence of the fourth element of her Title VII prima facie case that she "was replaced by someone outside the protected class, or that other similarly situated persons were treated more favorably." Rather, Appellant merely alleged for her race discrimination claim that she was "the only Caucasian in [her] job role for this employer" and for her gender discrimination claim that she was "harassed by [a] single male (Cameron Shonk)."[104] Appellant has not proffered any evidence of a comparator outside of her protected class who was treated more favorably or that she was replaced by someone who was not Caucasian or not female for purposes of her race and gender discrimination claims, respectively. More importantly, Appellant has utterly failed to offer any evidence that any sort of causal connection existed between Appellant's race or gender and her termination on October 4, 2021. Appellant's

---

[102]  42 U.S.C. § 2000e-2.

[103]  *Septimus v. Univ. of Houston*, 399 F.3d 601,609 (5th Cir. 2005).

[104]  ROA.15.

allegations of discrimination are based on nothing more than mere speculation and her

own subjective belief, which are insufficient to support her Title VII claims.[105] Summary

judgment may be affirmed on this ground.

### B.    Appellant's Title VII Retaliation Claim Fails As A Matter of Law

"Title VII makes it an 'unlawful employment practice for an employer to

discriminate against any of his employees. . . because [s]he has opposed any practice

made an unlawful employment practice by this subchapter. . .'"[106] The Fifth Circuit has

established "three elements that a plaintiff must prove in h[er] retaliation claim: (1) the

employee has engaged in activity protected by Title VII; (2) the employer took adverse

employment action against the employee; and (3) a causal connection exists between

that protected activity and the adverse employment action."[107]

As with her Title VII discrimination claims, Appellant failed to present any

evidence that any sort of causal connection existed between Appellant's opposition to

a discriminatory practice (her "filing of reports of harassment/discrimination") and her

termination. Assuming *arguendo* that Appellant could demonstrate that she engaged in a

protected activity and suffered an adverse action, Appellant has simply not provided

any evidence that Appellees Houston Methodist or Ali retaliated against her by her

---

[105]  *Elliott v. Group Med. & Surgical Services*, 714 F.2d 556, 567 (5th Cir. 1983) ("We are not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief.").

[106]  *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 878 (5th Cir. 1999) (quoting 42 U.S.C. § 42 U.S.C. § 2000e-3(a)).

[107]  *Id.* (citing *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 705 (5th Cir. 1997)).

Appellant's *because of* her report filings. As with Appellant's discrimination claims, Appellant's allegations of retaliation are based on nothing more than mere speculation and her own subjective belief, which are insufficient to support her Title VII claims.[108] Summary judgment may be affirmed on this ground.

CONCLUSION

Appellees Houston Methodist Hospital and Sunila Ali respectfully request that the Court affirm the District Court's Final Judgment with respect to each issue appealed, assess all costs against Appellant Caitlin Julia Weathers, and for such further relief to which Appellees Houston Methodist and Sunila Ali are entitled.

Respectfully submitted,

By: */s/ Daniel Patton*
    Daniel Patton
    Federal Bar No. 26200
    *dpatton@scottpattonlaw.com*
    Patrick M. Palmer II
    Federal Bar No. 3542529
    *palmer@scottpattonlaw.com*
    SCOTT PATTON PC
    5301 Katy Freeway, Suite 201
    Houston, Texas 77007
    Phone:  (281) 377-3311
    Fax:     (281) 377-3267

    ATTORNEYS FOR APPELLEES
    HOUSTON METHODIST HOSPITAL AND
    SUNILA ALI

---

[108] *Elliott v. Group Med. & Surgical Services*, 714 F.2d 556, 567 (5th Cir. 1983) ("We are not prepared to hold that a subjective belief of discrimination, however genuine, can be the basis of judicial relief.").

**CERTIFICATE OF SERVICE**

I certify that on March 27, 2024, the foregoing document was served, via the

Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, and via U.S.

Mail to the following parties of record:

Caitlin Julia Weathers
2425 Capitol Street, # 2143
Houston, Texas 77003
*Appellant*
*Pro Se*

Amos B. Blackman
amos.blackman@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M St. N.E., 5th Floor
Washington, D.C. 20507
*Attorney for Amicus Curiae*
*Equal Employment Opportunity Commission*

/s/ Daniel Patton
Daniel Patton

## CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
And Type Style Requirements

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because this brief contains 6,244 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and Fifth Circuit Rule 32.1.

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and Fifth Circuit Rule 32.1 and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac, version 16.83, in Garamond font 14-point type face.

*/s/ Daniel Patton*
Daniel Patton