UNITED STATES COURT OF APPEALS

FIFTH CIRCUIT

CASE NO: 23-20536

CAITLIN WEATHERS,

Plaintiff/ Appellant

VERSUS

HOUSTON METHODIST HOSPITAL, SUNILA ALI

Defendant/ Appellee

REPLY BRIEF OF APPELLANT

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

CHRISTINA BRYAN, United States District Court Magistrate Judge

DANIEL PATTON

Federal Bar No. 26200

dpatton@scottpattonlaw.com

Patrick M. Palmer II

Federal Bar No. 3542529

palmer@scottpattonlaw.com

SCOTT PATTON PC

5301 Katy Freeway, Suite 201

Houston, Texas 77007

Telephone: (281) 377-3266

Facsimile: (281) 377-3267

Attorneys for Appellees

## TABLE OF CONTENTS

Table of Contents..................................................................................................3

Table of Authorities..............................................................................................4

Reply Argument................................................................................................5-11

Conclusion...........................................................................................................11

Certificate of Service...........................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Hamilton v. Promise Healthcare*,
 No. 23-30190, 2023 WL 6635076 (5th Cir. Oct. 12, 2023) ..........................7

*Houston v. Tex. Dep't of Agric.*,
 No. CV-H-18-4431, 2019 WL 11670785 (S.D. Tex. June 5, 2019) .............9

*Mace v. Republic Health Corp. of Rockwall Cnty.*,
 No. 3:21-CV-01709-M, 2022 WL2918107 (N.D. Tex. July 25, 2022) ...8-10

*Melgar v. T.B. Butler Publ'g Co., Inc.*,
 931 F.3d 375 (5th Cir. 2019) ...................................................................8-9

**Statutes**

42 U.S.C. §1981a, 1981

Title VII of the Civil Rights Act of 1964,
 42 U.S.C. § 2000e et seq
 42 U.S.C. § 2000e—2000e–17

# REPLY ARGUMENT

## DID THE DISTRICT COURT ERR IN FINDING NO ISSUE OF MATERIAL FACT?

In the Appellees response they took the same approach as the district court by avoiding Appellants arguments and failed to address the Equal Employment Opportunity Commission's Amicus Brief, ignoring the entity that has knowledge and authority on the matter. The Court of Appeals should still consider Appellant's appeal with the EEOC's amicus brief. The criteria that Appellee contends to support the district court's decision were: "(1) Appellant's Discrimination Claims were Time-Barred (2) Appellant's EEOC Charge of Discrimination does not relate to Appellant's 'Online Inquiry' submitted to the EEOC within 300 Days of her termination (3) The District Court's findings of Equitable Tolling as appropriate, and (4) The District Court dismissed Appellant's claims against Appellee Ali correctly." The problem with each of these arguments is that they ignore the EEOC, avoid due process, violate the public's trust, and deprive the Appellant of 14th amendment rights where the EEOC affirms Appellant's submissions as a timely filing Charge of Discrimination.

At first, they claim that the district court granted summary judgment properly to All of Appellant's claims. However, the district court made clear that determination was NOT made based on the merits of the case which went toward

Appellant's claims, but rather relied on two questions from the district court: "(1) whether Plaintiff's EEOC Charge of Discrimination was submitted within 300 days of Defendants' alleged discriminatory acts; and (2) whether Title VII allows Plaintiff to assert a claim against the individual Defendant, Sunila Ali. These questions were answered only partially by the district court and without applicability to the substance of the claims. Additionally, Appellees have failed to give an answer as to how they plead to the substance of the claims, avoiding due process and causing bias to Appellant. The Appellees arguments avoid procedural requirement of pleading an answer and make implication that Appellant carries burden or ability to file a charge of discrimination without the help of the EEOC. The issue was never about whether the filing of the lawsuit was timely or untimely, the issue being argued is rather about when the EEOC issued the Charge of Discrimination. Because this important fact is being omitted both the Appellees and the District Court foster misconceptions by placing undue burden on Pro Se Appellant. From this, it is clear Appellee's hope this Court will avoid the issue like the district court avoided it. The Appellant's 14th amendment rights to Due Process should not be deprived because of other parties' failure to follow certain procedures.

It is understood and accepted that a charge of discrimination is considered timely on the date that it is received by the EEOC. Based on this understanding, the EEOC recognizes that Appellant, having exhausted administrative duties, took due

diligence in having made a timely filed Charge of Discrimination. Confirming Appellant's argument that the EEOC's delay in making Form 5 ready for signature is and was not the fault of the Appellant, who had otherwise been timely in all other regards. In this case, Appellant's claims are not barred from litigation and should be considered by the Court for further proceedings. Appellee's argument in opposition to what Appellee's term 'online inquiry' avoids the total sum of submissions made into the EEOC by the Appellant as well as argument in the EEOC's Amicus Brief wherein Appellee's correspondence is considered *rightly clear* language to make request of the EEOC to act. Even if the Court disagrees, Appellant agrees with the EEOC that it should nonetheless reverse and remand the case for the hospital to answer the complaint citing *Hamilton*. If the Court disagrees with the EEOC that Appellant's submissions were a charge, the EEOC agreed that equitable tolling is appropriate because EEOC actions led Appellant to file her charge after the charge-filing deadline. Further holding that Pro Se litigants should not be held to the same standards as an attorney and barred from litigation based on a technicality unrelated to the substance of the claims or limited to solely bases previously endorsed.

    The district court was incorrect in applying the *Melgar* case toward Appellant's claims where the district court inappropriately applied an issue of abandonment to Pro Se litigant's claims. It should be considered and noted that Appellant immediately signed Form 5 once it was made ready for signature, unlike

the unjust comparison to *Melgar* where signature wasn't returned after the form was made ready until another **nineteen weeks**. The Appellant's case does not have this similar characteristic. Clearly Appellant was unjustly ignored, and the district court abused its discretion to dismiss evidence without considering it as a collective sum which in totality can be taken as a charge.

The EEOC confirms in the Amicus Brief (which Appellees have ignored) that they, the agency, were affirmatively wrong because, "it did not offer Weathers any other method of filing a charge, did not warn her that a charge would not be filed promptly after the interview, and did not advise her that she could satisfy the charge requirement by filing a charge herself." The district court erred to disregard this similarity in the Appellant's case to that in the *Mace* case. The EEOC further confirms it, "regrettably failed to give her an opportunity to sign the Form 5 charge it prepared based on that interview until after the period expired. Instead, after the interview on August 1—the last day for her to file a timely charge, as the EEOC knew—the interviewer emailed Weathers and invited her to provide additional information, but unfortunately, he neither warned her that she still had not "filed" a charge nor made any mention of the impending deadline. ROA.128. Moreover, unlike the complainant in Melgar, Weathers signed the charge on the same day she was advised by the EEOC investigator to do so. ROA.134. In sum, Weathers asked the EEOC how to complete the filing of her charge long before the deadline, followed the instructions she was given, and promptly signed the charge once

given the opportunity. In light of *Melgar*, Weathers acted reasonably, and the district court should not have faulted her for the delay caused by the EEOC's handling of the charge-filing process. This Court should equitably toll the filing period for at least the two days necessary to render Weathers' charge timely." The Appellee's argument that the district court correctly analogized the facts of Appellant's case to *Houston v. Texas Department of Agriculture* is wrong. Unlike *Houston,* Appellant had been timely in all other regards except where signature requirement burden was dependent upon the EEOC's ability to render the form for such purpose. This two-day delay by the EEOC caused no prejudice against the hospital to which the Appellee's could contend to. Here the employer would carry the burden to demonstrate that they were somehow prejudiced by the delay, which Appellee's have not. Where the Appellee's find that the facts in the *Mace* case are to be distinguished from the Appellant's case the EEOC's opinion should be considered, who maintain that the argument for equitable tolling is at least as strong as *Mace*'s, if not stronger.

Finally, the Appellee's contend that the District Court dismissed Appellant's claims against Appellee Ali correctly. The problem with this argument is that the Appellees never gave an answer to the substance of the claims to contend to correspond with this argument. Under negligence theory, an employer is liable if the employer or its management knew or should have known of the harassing conduct and failed to take reasonable prompt corrective action to end the

harassment. When the employer fails to take all reasonable steps to prevent discrimination that it knows or should know is occurring, or that it expects or should expect to occur is to be found as negligent discrimination under Title VII. To this extent, Appellant was absconded by the district court judge during the initial status conference when making such claim, but the district court never made any mention or explanation of reason in final judgment orders as to its application or lack thereof. The District Court did however recognize that merit went toward Appellant's claims where Appellees failed to perform their duties. Here, *clearly err, abuse of discretion* and *de novo* standards apply because the merit's relevancy to the question should not be ignored as it pertains to the substance of the claims. Without application in the orders to the substance of the claims the District Court violates the public's trust and is inconsistent with due process. Appellant's 14th amendment rights have been violated. Although the EEOC never gave their opinion on Title VII claims toward individual employers they nonetheless agreed that the case should be reversed and remanded where appellees have failed to file a plea. Even if Sunila Ali were not found to be a party to the suit the Appellant agrees that the court should nonetheless reverse and remand the case for the Hospital to answer the complaint.

## **CONCLUSION**

It is clear and agreed that Appellant's case proves race, sex, and retaliation and that the district court's dismissal of the case at the summary judgment stage should be reversed.

Respectfully Submitted,

/s/ Caitlin Weathers

CAITLIN WEATHERS

Pro Se Plaintiff – Appellant

04/22/2024

## CERTIFICATE OF SERVICE

I, Caitlin Weathers, do hereby certify that I have this day by United States mail, postage prepaid, forwarded a true and correct copy of the above and foregoing document to all counsel of record:

THIS, the 22 day of April, 2024.

/s/ Caitlin Weathers

CAITLIN WEATHERS
